Lipscomb, J.
By reference to the statute, Hartley’s Dig-., art. 788, it will be seen that the statement of the facts is defective and wanting in the most essential requisites of the law. It was not signed by the judge during' the term. It ivas not by the statement furnished by both parties and from his own knowledge, but from the statement furnished by the defendant’s counsel, and after the adjournment of the term.
The judge did not seal it and order it to be filed in the records of the court as part thereof.
If the counsel coukl not agree, and one of them could not or would not furnish the judge a statement, tind the judge had during the term of the court made out a statement from the statement of one and his own knowledge of the facts, and complied with the other requisites of the statute, it would have been sustained as a substantial compliance with the requisites of tiie law. As presented, however, we must reject it entirely as no part of the record. (See 1 Tex. R., 77; Id., 192.)
The facts not being before us, and there being no bill of exceptions allowed bringing any of -the supposed errors of the court before us for consideration, excepting the one so often overruled, the irregularity of the jury, the judgment is affirmed.
Judgment affirmed.