Writ of error dismissed.

## F. M. HANKS v. THE STATE.

Where the defendant pleaded guilty, and a member of the jury which assessed the fine, upon meeting with the person upon whom the assault was committed, for which defendant was indicted, before the trial, said to him : "Your name is Pelham, is it not ? I don't know you but I am well acquainted with your case and I will be on the jury and will do all I can for you." *Held* to be good cause for granting a new trial where the prejudice of the juror was unknown to the defendant until after the trial.

A party is not precluded from making this objection because he did not examine the juror upon his *voir dire* as to his prejudice unless gross negligence is shown on his part.

Appeal from Henderson. Tried below before Hon. R. A. Reeves.

Indictment for assault and battery. The facts are stated in the Opinion.

*R. F. Dunn*, for appellant, cited Graham on New Trials, 374–78–80–407–411–12.

*Attorney General*, for the State, cited Art. 578, C. Code ; Whent. Crim. Law, Sec. 3153, 4 Ed. ; 8 Brown and Cross, 417 ; 2 M. and R. 406 ; 7 Watts and Searg. 420 ; 5 Tex. R. 312 ; 10 Tex. R. 808.

Hanks v. The State.

ROBERTS, J.   This is an application to set aside a verdict and grant a new trial.

The defendant had pleaded guilty to an indictment charging him with an assault and battery with a cow-hide upon the person of T. E. Pelham.   The jury assessed the fine at eight hundred dollars.

Among other things, the appellant complains that his case was prejudged by one T. R. Boze, who sat upon the jury in assessing the fine.   In support of this ground, in addition to his own affidavit, George S. Downs swore that he heard said Boze, upon meeting with Pelham before the trial, say to him: "Your name is Pelham, is it not?   I don't know you but I am well acquainted with your case, and that I will be on the jury and will do all I can for you."   This conversation evidently had reference to the trial of this cause, and, if such had not been the case, Pelham, or the juror himself, might have given the proper explanation.

This expression of the juror indicated something more than that he felt that indignation for an outrageous act which should swell the bosom of every good citizen.   It manifested, first that he was in possession of information upon the subject satisfactory to himself ; secondly, he had made up his opinion that Pelham was an injured man, and thirdly, he had resolved to make himself active, to the full extent of his power on the jury, to redress his injury.   This state of mind was not sought to be established by a casual remark idly spoken to any one indifferently, but was communicated to Pelham himself, who would most likely be consulted by the District Attorney in the selection of the jury.   It does not arise out of any previous conversation between friends calculated to produce excitement or unguarded expressions ; but it is a volunteer espousal of his cause tendered, upon introducing himself, to a stranger. It can hardly be said that the mind of a juror is unbiased by prejudice who permits his feelings to be so far enlisted as to

make him the avowed and proffered champion of another's cause. Every criminal has a constitutional right to be tried, and punished, if guilty, by impartial jurors. While utter indifference to wrong is not the true standard of impartiality, neither is the enlisted advocacy of one side, however just it may be. (Wharton Am. Crim. Law, 3rd Ed., Sec. 3152 and cases cited ; Ramadge v. Ryan, 9 Bing., 333 ; Troxdale v. State, 9 Humph. R. 411 ; State v. Hopkins, 1 Bay R. 372 ; United States v. Fries, 3 Dallas R. 515.)

Could this be understood to be a mere loose expression of the juror, not indicative of a settled mind upon the merits of this particular cause, it would not be a good ground for setting aside the verdict. (McGee v. Shaffer, 9 Tex. R. 24.) Nor would it avail the defendant, had it not been shown by him in his affidavit, that he was not apprized of the prejudice of the juror until after the trial. (Givens v. State, 6 Tex. R. 343.) In his affidavit he disclaims all knowledge of it, and the affidavit of the witness confirms the statement by showing that he had not disclosed his information on the subject.

Is he now precluded from making this objection, inasmuch as he did not examine the juror upon his *voire dire* as to his prejudice when the jury was being empannelled ? Although cases may be found announcing such a rule, the better opinion is thought to be to the contrary, especially where the facts do not show gross negligence on the part of the complaining party. This would involve the necessity of examining every juror to guard against prejudice, and thereby presuppose such necessity ; whereas such undue prejudice is an accidental exception, not generally to be anticipated as prevailing in the minds of jurors who are selected to try cases. The inconvenience of such a rule in every case, civil as well criminal, can well be imagined when the zealous anxiety of counsel should have to be taxed with guarding against the possibility of danger from neglecting this point of investigation.

Chief Justice Tindal said in the case of Ramadge v. Ryan,

(9 Bing. 333,) " It would go to create a prejudice against jury trial if verdicts were to be the result of previous determination." A higher ground still may be taken that the right of trial by an impartial jury is too sacred to depend upon the possibility of finding out and detecting beforehand, and raising an objection on account of the undue prejudices of all who may happen to occupy the jury box. (2 Graham and Waterman on New Trials, 471 ; McKinley v. Smith. Hardin, 167 ; Monroe v. The State, 5 Geo. R. 85.)

However just the verdict in this case may be, and we see no ground to suspect it not so to be, the established prejudice of this juror gives to it a taint incompatable with the just and pure administration of the law. Judgment reversed and cause remanded.

Reversed and remanded.