G. W. Henrie v. The State.

| 41 | 573 |
|---|---|
| 28a | 584 |

| 41 | 573 |
|---|---|
| 29a | 77 |

| 41 | 573 |
|---|---|
| 31a | 354 |

| 41 | 573 |
|---|---|
| 36a | 320 |

1. PRACTICE IN SUPREME COURT.—In the absence of a statement of facts certified as prescribed by law, this court will not consider assignments of error based on the charges given or refused, nor on the verdict as against the evidence.

2. AN INDICTMENT FOR MURDER need not charge the act as done with *express* or with *implied* malice. It is sufficient to charge the act as committed with *malice aforethought.*

3. CONTINUANCE.—See affidavit held sufficient for the first application.

4. JUROR DISQUALIFIED BY PREJUDICE AGAINST THE ACCUSED.—It appearing by affidavit, and not explained by the juror, that one of the jurors had, before the trial, in speaking of the affair, said the accused "had killed a poor, innocent soldier, and ought to have his neck broke," and that this was not known to the accused when the jury

was impaneled, and that on his examination the juror swore that he had no prejudice—for this cause a new trial should have been granted.

APPEAL from Palo Pinto. Tried below before the Hon. A. J. Hood.

November, 1872, G. W. Henrie was indicted for the murder of Michael Cannon.

At the March term, 1874, there was a mistrial, and the accused admitted to bail. At the July term following, defendant asked a continuance of his first application, as follows.

Now comes G. W. Henrie, defendant in the above cause, and says that he cannot go safely into trial at the present term of court, for want of the material testimony of E. A. Koefer and E. Alexander, who are material witnesses to the defense; that the residence of said witnesses are to affiant unknown ; that defendant did, on the 4th day of June, 1874, apply to the clerk of the District Court of Palo Pinto county for a subpœna for said witnesses, and placed the same in the hands of J. H. Carothers, sheriff of Palo Pinto county; that said subpœna was returned by said sheriff: said witnesses not found. Affiant states that he expects to prove by A. E. Koefer and E. Alexander, surgeons, who attended on the deceased, Michael Cannon, at the time he made the statement filed herein as the dying declarations, that at the time said deceased made said alleged dying declarations said deceased was not conscious of approaching death, and, in fact, that he, deceased, was told by said surgeons that there was hope of his (deceased's) recovery, and that said deceased, at the time he made said statements, alleged to be dying declarations, and for several days thereafter, expressed a hope and expectation of recovery, and stated that he, deceased, expected to live to be able to prosecute this defendant for the injury inflicted on him, deceased.

Affiant further states that said Koefer and Alexan-

der were, at the time of said statement, respectively sur-
geon and assistant surgeon U. S. A., stationed at the post
of Fort Griffin, Shackleford county, Texas, and attendant
upon said Cannon, who was a private in the United States
army, and that said surgeons, from professional relation to
said deceased, were more intimately informed as to and had
better opportunity to know the state of the deceased's mind
at the time he made said statements than any person else;
that said witnesses then, and until lately, resided at Fort
Griffin, in said county.

And affiant further states that he cannot go safely into
trial for want of the further material testimony of one J.
A. Melmine, whose residence is at Fort Griffin, Shackle-
ford county, Texas, but who is now temporarily absent;
that the defendant, on the fourth day of June, 1874, pro-
cured from the clerk of the District Court of Palo Pinto
county a subpœna for said witness, and placed the same in
the hands of the sheriff of Palo Pinto county, who returned
the same: witness not found. Affiant expects to prove by
said witness that he, defendant, was in company with said
Michael Cannon, deceased, when shot, and that this defend-
ant did not do said shooting.

Affiant further states that the above and foregoing named
witnesses are not absent by the procurement or consent of
the defendant; that this application is not made for delay.

Affiant further states that all of the facts and statements
above stated, which he expects to prove by said witnesses,
are material to his (defendant's) defense, and in point of
fact true.

Defendant respectfully refers the court to the subpœna
for said witnesses herein filed, marked Exhibit "A," and
prayed to be taken as a part of this motion.

Affiant further states that this is his first application for
a continuance, and the testimony sought cannot be pro-
cured from any other source known to affiant.

Wherefore affiant respectfully prays the court to grant

him a continuance hereof to the next term of this honorable court; and so will ever pray, &c.

GEO. W. HENRIE.

The application was overruled.

The jurors were tested as to their qualifications, want of bias and prejudice, &c.; and on trial the accused was found guilty of murder in the second degree, and his punishment fixed at twenty years in the penitentiary.

Motion for new trial was urged for same ground for which the continuance was asked, and for charges given and refused, and on account of the prejudice of one of the jurors. This fact was supported by the affidavit of two persons, and was not contradicted or explained by the juror or otherwise.

There is in the record a statement of evidence not certified to by the judge presiding nor agreed to by the parties.

Other facts appear in the opinion of the court.

No brief for appellant.

*George Clark, Attorney General,* for the State.

REEVES, ASSOCIATE JUSTICE.—The indictment charges appellant with the murder of Michael Cannon in Shackleford county, and which county was attached to Palo Pinto county, where the indictment was found, for judicial purposes. At the July term, 1874, of the court the defendant applied for a continuance, which being overruled, he was put upon his trial, and convicted by the jury of murder of the second degree, and his punishment assessed at twenty years' confinement in the penitentiary. There was a motion for a new trial, and motion in arrest of judgment on various grounds; also a supplemental motion, as it is called, for a new trial, on the ground that Michael Hogan, one of the jurors in the case, had been guilty of corrupt conduct in answering questions as to his qualifications as a juror.

During the progress of the trial several bills of exceptions were taken by defendant to the admission of evidence offered by the State to prove the dying declarations of Cannon.

The instructions of the court to the jury, and the refusal to give the instructions asked by defendant's counsel, and the verdict of the jury, as being contrary to the law and the evidence, are in part the grounds of the motion for a new trial.

At the threshold to these inquiries we are met with a difficulty of frequent occurrence, as has been remarked on former occasions. There is no statement of facts in the record, and without it we are not able to review the action of the court in respect to the matters complained of. There is in the record what purports to be a partial statement of the evidence introduced by the State, but it is neither signed by any one nor certified as containing the facts in evidence, and cannot therefore be regarded as forming any part of the record of the case. The case seems to have been well conducted by counsel; the points of objection to the rulings of the court are clearly presented, and saved by formal bills of exceptions, referring to the evidence, but which, as we have said, is not found in the record in such form as that it can be considered as being any part of the record.

In the view taken of the case it would only be necessary to examine these questions, and express an opinion upon them as bearing upon another trial, but for the reason just stated, it cannot be done. The facts upon which an opinion could be formed and expressed are not before us.

The indictment does not appear to be liable to the objections made to it in the motion to arrest the judgment. There is no appearance in this court for appellant, and without the benefit of either brief or argument for him, we have found no defect in the indictment. It can hardly be said that the offense is not charged in plain and intelligible

37

words. It was not necessary that the indictment should charge the kind of malice, as express or implied, with which the killing was done.

The application for continuance, and the objection to the juror, Michael Hogan, stand upon different grounds from the other causes of the motion for a new trial, which, as we have said, would not be examined for the purpose of reversing the judgment, in the absence of a statement of the facts in evidence.

We think the continuance should have been granted, but being refused, that the new trial should have been awarded.

In regard to the application for continuance, there may have been a question of diligence, and the court may have refused the application on that ground. The indictment was filed November 14th, 1872, though the defendant was not arrested until the 14th January, 1874. There was a mistrial at the March term, 1874, when the defendant was admitted to bail. At the July term following, at which time he was convicted, his application for a continuance was overruled. We are not inclined, on so grave a charge, and on a record in some respects imperfect, to hold that proper diligence was not used. It is stated that the absent witnesses, Koefer and Alexander, were, at the time of the homicide, surgeons at the post of Fort Griffin, in Shackleford county, but that their residence at the time of the trial was unknown. It does not appear that an attachment, if the case was a proper one for that process, would have availed anything more than the subpœna, and which was returned without service. It was in the terms of the statute, and was the first application to continue the case. The facts expected to be proved are stated, and their materiality cannot be seriously doubted. The witnesses were surgeons, and attended the deceased, who was a private in the army at the time he made his alleged dying declarations, and would, if present, testify, as stated in the appli-

cation, that he was not conscious of approaching death, and believed there was hope of recovering.  The residence of the other witness is shown to be at Fort Griffin, and that he was temporarily absent, and that defendant expected to prove by this witness that he, defendant, was in company with the witness all day, on the day Cannon was shot, and that defendant did not shoot him.  He says in his application that his statements are true, and as to the continuance they must be so regarded, there being nothing in the record to the contrary.

The motion for a new trial, and which is sworn to, alleging improper conduct of the juror Hogan, states that this juror was prejudiced against the defendant, and that he had formed and expressed a fixed conclusion as to the guilt or innocence of defendant, and that he had prejudged the case, though he had stated in his examination as a juror that he had no prejudice against defendant, and that he had formed no conclusion on the question of his guilt or innocence, and that these facts were unknown to him until after the trial.  The affidavit of G. R. Lynn and R. T. Dement, made part of the motion, states that Hogan, before the trial, told them that defendant had killed a poor innocent soldier, alluding to the deceased, and with an oath said that he ought to have his neck broke, and also said that he, Hogan, was a discharged soldier.  No explanation is offered by the juror, nor is the truth of the statement called in question in any way, so far as can be known from the record.  The case is stronger in its facts for a new trial than was the case of Hanks v. The State, 21 Tex., 526, and which was reversed for another trial, because one of the jurors was shown to be prejudiced against the defendant, of which he had no notice at the time the jury was impaneled.  In 21 Tex. it seems that the juror was not examined on his *voire dire* as to his prejudice.  In the case under consideration it appears that the juror was so examined.  If the witnesses are to be credited, and they

are not shown to be unworthy of belief, there is reason to apprehend that the juror was not impartial, and not competent to pronounce upon the guilt or innocence of the defendant.    For refusing to grant the application for a continuance, and for overruling that ground of the motion for a new trial, and because we are not satisfied, as the case is presented, that the defendant was tried by an impartial jury, the judgment is reversed and the case remanded for further proceedings.

REVERSED AND REMANDED.