## GILES BRANCH *v.* THE STATE.

1. NEW TRIAL.—On the 5th of November, 1875, appellant, on his own plea of guilty, was convicted of theft from a house.  Ten days thereafter he moved for a new trial, alleging that the natural weakness of his mind was such as to render him incapable of pleading guilty, and that, on an inquest as to his sanity, it had been so proved; that undue influence had induced him to plead guilty, and that his counsel, at the trial, were not fully informed of his defense.  Affidavits were filed in support of the motion, but no reason shown for the delay in making it; while the transcript shows that an issue of insanity was submitted to a jury (Cr. Pro., Art. 781 ; Pasc. Dig., Art. 3247), who found the accused to be of sane mind. *Held,* that, in overruling the motion, the court below did not err.

2. PRACTICE IN THIS COURT.—No statement of facts being brought up in the transcript, this court will not revise the charge of the court below to the jury, nor its refusal to grant a new trial for want of sufficient evidence.

3. PRACTICE.—Note the comment of this court on an effort made in the court below, at a subsequent term, to supply, *nunc pro tunc,* a statement of facts.

4. SAME—STATEMENT OF FACTS.—With regard to the preparation of a statement of facts, the Code prescribes the same rule as that prescribed in civil causes.  Cr. Pro., Art. 603 ; Pasc. Dig., Art. 3069.

APPEAL from the District Court of Travis.   Tried below
before the Hon. J. P. RICHARDSON.

*J. B. Cassidy,* for the appellant.

*H. H. Boone,* Attorney General, for the State.

WINKLER, J.  The appellant pleaded guilty to a charge of
theft, from a house, of a razor of the value of $3, alleged to
have been committed in Travis county, on the 10th day of

September, 1875. The jury assessed his punishment at two years' confinement in the state penitentiary.

The accused moved the court to grant him a new trial for reasons set out in his motion, in substance as follows :

That he was naturally of a weak mind, and that his attorneys were not fully acquainted with the nature of his defense ; that the natural weakness of defendant's mind was such as to render him incapable of pleading guilty; that an undue influence was exercised over his mind to induce him to plead guilty ; and that, on the inquiry as to his sanity, the defense proved beyond a doubt that the defendant was insane at the time the offense was committed.

This motion appears to have been filed November 12, 1875. The date of the verdict, as stated in the clerk's marginal memorandum, was on the 5th of November, 1875. On the 15th day of November, 1875, another motion for new trial was filed, based on the mental condition of the accused, and supported by the affidavits of three persons.

We have no other *data* to guide us as to the dates of these several proceedings, except the memoranda on the margin of the transcript. From these it appears that these motions for new trial were not made within the time allowed by law, nor is there any attempt to show any excuse for not moving in time. Pasc. Dig., Art. 1473. We are unable to determine whether the motions should have prevailed or not, if they had been made at the proper time, for the reason that there is no statement of facts embodied in the record. In the absence of a statement of facts, neither the charges of the court nor motion for new trial, based upon the evidence, will be considered. *Henrie* v. *The State*, 41 Texas, 573.

The record shows that the question of the sanity of the accused was submitted to a jury, who returned a verdict that he was of sane mind.

On the 26th of March, 1876, at a term of the court subse-

quent to the one at which the accused was convicted, the accused undertook to supply an important omission—which the law contemplates should have been done at the term of the court at which the trial was had—namely, by filing a motion to file a statement of facts *nunc pro tunc*, and order it to be filed as of the preceding term. This the court refused—on what grounds does not appear by bill of exceptions or otherwise—and the record does not afford the necessary information to enable us to determine what were the contents, or why not filed at an earlier day, except the statement in the motion to the effect that the district attorney and the judge would not agree to the statement of facts then prepared and submitted by the attorney for the defendant, and that the failure to have a statement of facts in the record was not from any neglect on the part of the attorney for the defendant. In preparing a statement of facts the rule is the same in civil and criminal cases. Pasc. Dig., 3069. This is one of the requisites of a trial, and should be made while fresh in the minds of the court and counsel.

If a statement of facts had been regularly signed at a former term, and it had been omitted to file it in court, the judge could have made the correction of the record; but this could only have been done by motion, and on service of notice on the opposite party.

Without intending to decide as to whether the refusal of the judge to order the correction of the record at a subsequent term can be revised on appeal, we are clearly of the opinion that such practice ought not to be encouraged, especially when there is no showing, by bill of exceptions or otherwise, of the reasons influencing the judge in refusing to order the correction, and in the absence of notice of the motion served on the opposite party.

We have not attempted to discuss, consecutively, the various errors assigned; suffice it to say that, whilst the transcript leads to the impression that the record has not

been made up with the care proper to be observed on the trial of a felony, we are not prepared to say that there are any substantial errors shown by the record, or pointed out by appellant's counsel, which would justify a reversal of the judgment, and of which the appellant can now take advantage. The legal presumption is that whatever the court has the power to do, the law will presume to have been properly done.

The judgment is, therefore, affirmed.

*Affirmed.*