| 1  | 121 |
| 29 | 248 |

## WADE TRAMMELL *v.* THE STATE.

1. DUE COURSE OF LAW.—Convicted of a capital offense, appellant gave notice of appeal, and his counsel submitted a statement of facts to the district judge, but not to the district attorney, who had departed from the court without leaving a statement of facts. The judge declined to approve appellant's statement of facts, because not full and not agreed to by the district attorney, and also certified his own inability, for want of time and other causes, to make out a correct statement of the facts. *Held,* that without fault of the appellant he has been deprived of a right accorded to him by law, and necessary to the prosecution of his appeal, wherefore the judgment is reversed and the cause remanded for a new trial.

2. PRACTICE.—In case a district judge cannot approve statements of facts submitted to him by the parties, he should, if necessary, keep his court open its full limit, for the purpose of perfecting a statement of his own, and in the preparation of which he can require the aid of attorneys who conducted the trial, even though they acted under appointment of the court.

3. SAME.—In view of the duties imposed by law on district judges, this court

commends to them the practice of taking notes of the evidence in cases of importance.

4. CONSULT THE OPINION in this case in regard to the duties of judges and attorneys in the district courts, affecting the right of appeal guaranteed by the constitution of the state.

APPEAL from the District Court of Limestone. Tried below before the Hon. D. M. PRENDERGAST.

There appears to be no occasion to detail other facts than those stated in the opinion of the court.

*F. W. Miner*, for the appellant.

*A. J. Peeler*, Assistant Attorney General, for the State.

ECTOR, Presiding Judge. The defendant was indicted for murder, in the district court of Limestone county on the 21st of June, 1875. He was tried and convicted of murder in the first degree, and his punishment assessed at death. The defendant was represented by counsel appointed by the court. After he was convicted by the jury he got other counsel. Judgment was entered up on the verdict the 28th of October, 1875. On the 29th of October F. W. Miner and W. B. Bonner, as attorneys for the defendant, made a motion for a new trial, which motion was overruled.

The following is a copy of the judgment of the court below on the motion: "The motion of defendant for a new trial in this cause this day overruled, to which ruling of the court the defendant excepts, and in open court gives notice of appeal to the supreme court of the state." The case has been transferred from the supreme court to the court of appeals. The state in which it is presented is embarrassing to this court, as the life of a human being hangs on the legality of the proceedings.

After the trial of any cause, when a party gives notice of appeal, or intends to give such notice, it is the duty of the

parties, respectively, to make out a clear and explicit statement of the facts given in evidence on the trial of the cause, and to submit the same to the opposite party or his attorney for inspection during the term, and, if the parties or their attorneys agree to the facts given in evidence, they shall sign and seal the same, and submit it to the judge for his approval or signature, who shall also sign it, and the statement so made shall be filed as a part of the record of the cause; but if, on inspection of the statement offered, the parties cannot agree, or the judge do not approve or sign it, then they shall submit their respective statements to the judge presiding at the trial, who, from the statements so furnished him and his own knowledge, shall, during the term at which the trial was had, make out a correct and exact statement of the facts of the cause as given in evidence, and shall sign and seal the same, and cause it to be filed in the records of the cause as a part thereof.   Pasc. Dig., Art. 1490.

So far as the record shows, the counsel appointed by the court to represent the defendant gave no further attention to the case after the return of the verdict.   The said W. A. Bonner, as attorney for the defendant, prepared a statement of the facts given in evidence on the trial of the cause, which he submitted to the presiding judge.   This statement was not signed by the district attorney, nor by any one for the state.   On this the presiding judge made the following indorsement : " This statement of facts was submitted to me to-day, and just before the hour for the final adjournment of the court for the term, and a short time after the district attorney had left for his home at Waco.   No statement has been furnished me by the district attorney, nor am I aware that he has examined, and either agreed to or disapproved, this statement.   This statement, so far as it goes, is believed to be substantially correct, but not by any means full.   Not having time to make a full statement, even if I felt authorized or willing to do so from my unaided recollection (and

this I neither feel authorized, nor am I willing to take the responsibility, to do), I make this statement for the information of the supreme court. I deem it proper to say further that the defendant, being unable to employ counsel, was represented on the trial by able and experienced attorneys, appointed by the court, and that the foregoing statement of facts was not submitted by them, or either one of them, nor have I any statement from them, or either one of them. October 30, 1875.''

There is an affidavit, which has been filed in this court, made by said W. H. Bonner, containing his account of the efforts made by him to get a statement of facts after he was employed, but, as it forms no part of the record in this cause, it will not be considered by us.

As a general rule, when there is no statement of facts the case will not be further examined by an appellate court than to see that the indictment will sustain the charge. The object of a statement of facts and the charge of the court is to show that the verdict rendered is contrary to the law and the facts, and that it should not have been rendered; and, when there is no statement of facts, our supreme court has said that even an error in the charge will be deemed an abstraction. 23 Texas, 64; 41 Texas, 570; 2 Texas, 573.

In the case of *G. W. Henrie* v. *The State*, 41 Texas, 573, the court say: '' There is no statement of facts in the record, and, without it, we are not able to review the matters complained of.'' It has always been held by our supreme court a matter of the first importance to a defendant, if he desires the benefit of an appeal, that he has in the record a statement of the evidence introduced on the trial. In a case of felony we are not restricted to the assignment of errors. So jealous are our laws of the liberty of the citizen that, whenever it appears that any one has not been convicted according to law, the judgment will be set aside whenever the error is of such a nature that it

cannot be considered as waived by the defendant on trial,. or cured by the judgment, even when no exceptions, motion for new trial, or assignment of errors are presented to the appellate court on behalf of the defendant.    *Sutton* v. *The State*, 41 Texas, 514 ; *Bishop* v. *The State*, 43 Texas.

From the said statement of the presiding judge it must be evident that defendant desired a statement of facts in. this case.    If this is true, it was the duty of the district attorney to prepare a statement and submit it to the attorney of the defendant, as it was the duty of the attorney for the defendant to prepare a statement of the facts introduced in evidence on the trial.    The attorney for the defendant, as shown from the record, did prepare his statement, and submitted it to the judge.    The district judge declined to sign the statement submitted to him for reasons indorsed upon the same.

Our supreme court in several cases have in effect said,. when a statement of facts is signed by the counsel of but. one of the parties, it will be presumed that the other declined to make any statement, and refused to give his assent to the correctness of the one made by the other party, and that under such circumstances the statement, being signed and sealed by the judge, was sufficiently authenticated to be received as. a part of the record.    21 Texas, 395 ; 8 Texas, 160 ;. 13 Texas, 140 ; 16 Texas, 142.

If the statement of facts tendered the judge, who presided on the trial, by the attorney of the defendant was not a correct and full statement of the facts given in evidence on the trial of the cause, of course he could not be expected to sign it ; but in this event, we believe, he should have held the court open to the last moment of time allowed by law,. to prepare a correct and exact statement of facts himself ; and if the attorneys who represented the defendant on the trial were present (they being officers of the court) he should.

have demanded their assistance if he desired it. Whilst we say this, we have the highest regard for the able judge who presided in the lower court, and have every confidence he did what he believed was his duty.

The verdict of the jury was rendered in this case on the 28th of October, and on the 30th of October the court adjourned. The presiding judge, in all cases so important as this, unless he is able to remember the testimony, should take notes of it to refresh his memory. The law does not prohibit it, and it would relieve him from the necessity of taxing his memory as to what the testimony was. The court is required by law to charge the jury on the law applicable to the facts before them, and also to pass upon and decide all motions made for new trials on the ground that the verdict is contrary to the evidence, and upon all exceptions to evidence; and it is difficult to see how a court can discharge these required duties at all times, with satisfaction to itself and justice to parties, unless the judge shall take notes of the evidence, or give such attention to it, when delivered before the court and jury in the progress of the trial, as to enable him to speak from memory as to what the evidence was. It is all-important that the judge should know what the evidence is in order to charge the jury correctly as to the law of the case. What is very good and correct law for one state of facts will often be very incorrect and imperfect law when applied to another and a different state of things.

What does this record show? It shows that a fellow-being, so poor that counsel had to be assigned to him, was put upon his trial, was convicted by a jury, and his punishment assessed *at death;* that he appealed from the decision of the lower court to the supreme court—a privilege guaranteed by the Constitution; that the district attorney, with full notice of the fact that the defendant had taken an appeal,

left for his home in another county before the adjournment of the court, without leaving a statement of the facts in evidence on the trial of the case; and that the judge who presided at the trial was unable to prepare one.

Should the defendant be prejudiced by the absence of the district attorney, or the inability of the court to prepare a statement of facts? We believe not. The full protection and privileges of the law should be given to all men, and certainly should not be withheld from the weak, the poor, and the humble. The most hardened criminal, although we may believe him to be the most guilty, has the same rights and privileges with us as the most innocent. If the defendant is guilty he should be punished, but it should be done according to law.

Because we believe if the judgment of the court below is executed that the defendant would be deprived of his life without due course of law, the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*