## CHARLES MAHL v. THE STATE.

1. GRAND JURY.—In abatement of the indictment appellant pleaded that twelve of the grand jurors who found the indictment were unable to speak or understand the English language. On motion of the district attorney the plea was stricken out. *Held,* that the ruling was not error. Article 401 of the Code of Criminal Procedure (Pasc. Dig., Art. 2868) provides that "no objection shall be had by motion, plea, exception, or in any other manner, to an indictment on the ground that the grand jury finding the same was not legally constituted."

2. PRACTICE IN THIS COURT.—Without a statement of facts this court will consider the sufficiency of the indictment, but will not revise the instructions given or refused by the court below.

APPEAL from the District Court of El Paso. Tried below before the Hon. CHARLES H. HOWARD.

The indictment was for an assault with intent to murder..

*C. Caldwell*, for the appellant. It is submitted that the court erred in striking out defendant's plea.

1st. The 8th section of the Bill of Rights provides that no citizen shall be held to answer any criminal charge otherwise than upon indictment. * * * The 21st section of the Bill of Rights further provides that the guaranties therein contained shall ever "remain inviolate."

It will be observed that the inhibition is upon the state.. The state is prohibited from arraigning a defendant unless upon an indictment. The citizen cannot waive his immunity,. because he cannot be called upon to plead until indictment. found.

Thus the question is presented: Is it within the constitutional power of the state—the legislature—to abridge,. modify, or impair this immunity so solemnly guaranteed.

It is not, nor will it be, pretended that the plea would not have been held good prior to the adoption of the Code. *Vanhook* v. *The State*, 12 Texas, 268. It is now, however,. insisted upon that Article 2868, Paschal's Digest, precludes the defendant from urging any objection to the qualifications of the grand jury *after indictment found*. Upon this ground alone—upon this Article—the court below held the plea bad..

It has been said that Article 2868 was inserted in the Code for the express purpose of obviating the ruling in *Vanhook* v. *The State*, 12 Texas, 268. Whether this be fact. or no, such certainly is the effect.

It is, therefore, submitted in all confidence that any statute which attempts to preclude a defendant from pleading a. constitutional privilege and immunity is void. It is his. right to have his guilt pronounced upon by "two lawful and. qualified juries;" otherwise, he might be held to answer a. pretended indictment by aliens and felons. Indeed, however notorious and susceptible of proof the disqualifications.

might be, such as non-age, insanity, conviction for felony, and the like, the defendant is inexorably held to plead to that which all the world knows not to be an indictment.

2d. That a person who can neither speak nor understand the English language (however well qualified in other respects) is not a competent juror is no longer an open question in the court. *Lyles* v. *The State,* 41 Texas, 172.

*H. H. Boone,* Attorney General, for the State.

WHITE, J. On the trial in the lower court there was a plea in abatement of the indictment upon the ground that twelve of the supposed grand jurors who found the bill were unable to speak or understand the English language. On motion of the district attorney the plea was stricken out. The defendant was found guilty of an aggravated assault and battery, and his punishment assessed at a fine of $500. The motion for a new trial was upon the ground that the court erred in striking out defendant's plea in abatement. There is no statement of facts and no assignment of errors.

As to the plea in abatement, the statute provides that "no objection shall be heard by plea, exception, or in any other manner, to the indictment on the ground that the grand jury finding the same was not legally constituted." Pasc. Dig., Art. 2868 ; and see the whole subject discussed, and authorities cited, in *Poley Reed* v. *The State,* and *Dan. Green* v. *The State,* decided by this court at the present term, *ante* pp. 1 and 82.

Without a statement of facts in a criminal case of the character of which the defendant was found guilty, the appellate court will only consider whether the indictment will sustain the charge and finding of the jury ; nor will the instructions given or refused by the court be revised. *Sutton* v. *The State,* 41 Texas, 514; *Henrie* v. *The State,* 41

9

Texas, 573; *Giles Branch* v. *The State*, decided by this court at the present term, *ante* p. 99.

There being no error in the judgment of the lower court, it is affirmed.

*Affirmed.*