# W. P. LONGLEY *v.* THE STATE.

1. PRACTICE IN THE COURT OF APPEALS. — A series of adjudications has firmly established the general rule that, without a statement of the facts in evi- dence before the court below, this court on appeal will only consider whether the indictment will sustain the instructions given to the jury, and the judg- ment rendered.

2. Practice — Statement of Facts. — Though a convicted defendant has failed to move for a new trial, the Code entitles him, if he appeals, to have a statement of the facts certified and sent up with the record; but it is the duty of the parties in the first instance to make out the statements, and, if they disagree, it then devolves upon the judge to make out the statement from those of the parties and his own knowledge. The judge is not required to make out the statement in the first instance and of his own motion.

3. Murder — Indictment. — The kind of malice, whether express or implied, need not be distinctly alleged in an indictment for murder; nor is it necessary to aver the portion of the body upon which the mortal wound was inflicted.

4. Charge of the Court. — The jury in a murder case were instructed that "the indictment charges that the homicide was committed in the month of March, 1875, *and the evidence shows such to have been the case.*" No exception was taken to this assumption of what the evidence proved, and no statement of facts is brought up in the record. *Held,* that the only question here is whether this error was calculated to injure the rights of the accused, and that, without the evidence before it, this court cannot perceive that it was.

Appeal from the District Court of Lee. Tried below before the Hon. E. B. Turner.

It is to be regretted that the record of this cause fails to disclose the facts of this homicide, which probably concludes the career of one of the most noted malefactors of the state, whose imputed exploits have contributed largely to the most sanguinary chapters of her annals. The opinion of this court indicates all that can be deduced from the record.

*J. H. Catlin,* for the appellant, filed a very ingenious and able brief.

*George McCormick,* Assistant Attorney General, for the State.

White, J. The appellant, William Longley, and one James Longley, were jointly indicted for the murder of one Wilson·Anderson, in the county of Lee, on March —,

1875.  William Longley was charged in the indictment with having committed the murder, and James Longley was charged with being present at the time, and knowing the unlawful intent, and aiding by acts and encouraging by words the said William Longley in the ·commission of the deed.

The record shows that on September 3, 1877, William Longley, this appellant, having alone been placed upon trial, was found guilty of murder of the first degree, and his punishment was assessed, by judgment and sentence of the court, at death by hanging.  Defendant made no motion for a new trial or in arrest of the judgment, but appeals from the sentence.  We are placed in the embarrassing situation of having to pass upon his appeal without the transcript of the record. disclosing a single bill of exceptions, or a statement of the facts adduced upon the trial. It is a general rule, now well settled by a long current of decisions in this state, " that, without a statement of the facts in evidence before the court and jury, this court, on appeal, will only consider whether the indictment will sustain the charge and the finding of the jury."  *Sutton* v *The State*, 41 Texas, 514 ; *Henrie* v. *The State*, 41 Texas, 573 ; *Koontz* v. *The State*, 41 Texas, 570 ; *Keef* v. *The State*, 44 Texas, 584 ; *Branch* v. *The State*, 1 Texas Ct. App. 99 ; *Mahl* v. *The State*, 1 Texas Ct. App. 127 ; *Talley* v. *The State*, 1 Texas Ct. App. 688 ; *Brooks* v. *The State*, 2 Texas Ct. App. 1 ; *Bertrong* v. *The State*, 2 Texas Ct. App. 160 ; *Davis* v. *The State*, 2 Texas Ct. App. 162 ; *Ferrell* v. *The State*, 2 Texas Ct. App. 399 ; *Mitchell* v. *The State*, 2 Texas Ct. App. 404.

But it is contended by the counsel representing the appellant here, but who, in justice to him, we will state had no connection with the trial below, that the statute confers upon the defendant appealing the right to have a statement of the facts certified as part of the record, and that this

court cannot affirm a judgment of conviction in a felony case without having the facts before it upon which the conviction was had; and that to do so would be in contravention of the constitutional guaranty that "no citizen of this state shall be deprived of life, liberty, property, privileges, or immunities, or in any manner disfranchised, except by due course of the law of the land." Const., Bill of Rights, art. 1, sec. 19.

The statute quoted as conferring this right reads as follows: " If a new trial be refused, a statement of facts may be drawn up and certified, and placed in the record, as in civil suits. When the defendant has failed to move for a new trial, he is nevertheless entitled, if he appeals, to have a statement of the facts certified and sent up with the record." Pasc. Dig., art. 3138.

Undoubtedly this statute gives the right to have a statement of facts certified and sent up. But who is to make out the statement of facts? The statute requires that it be made out as in civil cases. Pasc. Dig., art. 1490. The parties themselves must make out statements in the first instance, and, if they cannot agree, then the judge, from their respective statements and his own knowledge, " shall make out a correct and exact statement of the facts of the cause as given in evidence." We know of no law which requires the district judge, of his own motion, to make out a statement of facts in any case, civil or criminal, when the parties themselves have expressed no wish and made no effort to have such a statement made and incorporated in the record. We have been cited by counsel to the case of *Trammell* v. *The State*, 1 Texas Ct. App. 121. In that case Trammell and his attorney did all in their power to have the statement prepared and certified according to law, and the failure to have the facts presented in the record was from no want of diligence or duty on their part; and, from the peculiar circumstances attending their failure to procure

a statement of the facts, this court held, and properly, under the facts as developed in that case, that the defendant was entitled to have a reversal of the judgment and a new trial awarded him.

In the case of *Ferrell* v. *The State*, 2 Texas Ct. App. 399, which was a murder case, at the subsequent term after conviction defendant moved the court "to order a statement of the facts in his case made out, and embodied in the transcript, and forwarded to the Supreme Court for their revision," supporting his motion by his own affidavit and the affidavit of one of his counsel, to the effect that, at the term at which he was convicted, he had been abandoned by his counsel, who refused to prepare his case for appeal because he was unable to pay him, and that he endeavored to get other counsel to do so, but failed. The motion was overruled by the court, and upon appeal this court affirmed the judgment.

As to who is to blame for the failure to have a statement of the facts made out in the present case, it would be perhaps unprofitable for us to inquire. In a case involving the life of a defendant, and especially after a verdict of conviction imposing the death penalty, and notice of appeal given, it would hardly be presumed that the condemned criminal would quietly suffer the punishment without having first availed himself of every remedy afforded by the law. And yet he himself alone may be to blame; or his attorneys, conversant with the law and the facts, may have been willing to assume the responsibility, honestly believing that a statement of the facts could and would admit of but one conclusion — the undisputed establishment of his guilt. The better practice would be, in all such cases, to make out and certify the facts, let the consequences be what they might.

Left, as we are, without a statement of the facts, our inquiry in the premises is limited to a determination of the

sufficiency of the indictment and the correctness of the charge of the court in its presentation of the law. There are, so far as we can perceive, but two questions which could have been raised upon the indictment, when tested by the standard of the ancient precedents, and these are now no longer open questions in this state. The first is that the indictment does not charge that the deed was committed with express malice ; and the second is that it does not charge and aver the particular portion of the body in which the mortal wound was inflicted.

In *Henrie* v. *The State* it is laid down as a rule that " it is not necessary that the indictment should charge the kind of malice, as express or implied, with which the killing was done." 41 Texas, 573. And in *Wilkerson* v. *The State*, where the only question was as to the necessity of locating by positive and affirmative averment the portion of the body in which the mortal wound was inflicted, this court, after mature deliberation, decided that such an allegation was unnecessary in an indictment for murder. 2 Texas Ct. App. 255.

As to the charge of the court, we find it a clear, able, full, and complete exposition of the law, so far as it is possible for us to determine in the absence of a statement of the facts. Counsel for defense, in his brief, points out but one supposed error in it, to wit, the assumption, in the charge, that the evidence established the fact that the homicide was committed in the month of March, 1875. The charge was not excepted to at the time, and the question is raised for the first time in this court. Such being the case, its consideration by this court is limited by, and subject to, the rule, " Was such error, under all the circumstances as exhibited in the record, calculated to injure the rights of the defendant?" *Bishop* v. *The State*, 43 Texas 390 ; *Alderson* v. *The State*, 2 Texas Ct. App. 10 ; *Grant* v. *The State*, 2 Texas Ct.

App. 163. Tested by this rule, with the record before us, and in the absence of the statement of facts, we cannot see how defendant's rights were or could be prejudiced, and we must, therefore, hold that the supposed objection is not well taken.

This disposes of the case. We have investigated it with all the care which the solemn issues involved always demand at the hands of the court of last resort. We are compelled to believe that the appellant has had a fair and impartial trial, according to the forms of law. A jury of his countrymen, after hearing and patiently weighing all the evidence, have declared, by their verdict, that the violated law in his case can only be satisfied by the forfeiture of his life. The judge who presided at his trial, and whose sworn duty requires him with fearless impartiality to administer the law, approved the verdict by pronouncing the sentence and judgment; and, believing as we do that no error has been committed requiring a reversal of the case, it only remains for us to declare that the judgment of the lower court is in all things affirmed.

*Affirmed.*