ESMERIJILDO ARMENDARES *v.* THE STATE.

1. JURY LAW.— Only such persons as under our Constitution and laws are qualified voters in the State and county are competent to serve on juries in this State.

2. SAME — NEW TRIAL.— Several jurors having answered on *voir dire* that they were citizens of this State, they were accepted and impaneled. After trial and conviction it was discovered that they were in fact citizens of Mexico, whereupon the accused moved for a new trial, and set up their non-qualification as cause. *Held*, that the court erred in refusing to grant a new trial.

3. SAME — PRACTICE.— Proposed jurors having qualified themselves on *voir dire*, the accused is not required to presume them guilty of perjury, and extend his investigation. See the opinion for state of facts which will avoid the stringent application of the rule laid down in *Roseborough* v. *The State*, 43 Texas, 570; *O'Meally* v. *The State*, 1 Texas Ct. App. 180, and *Lester* v. *The State*, 2 Texas Ct. App. 423.

4. CHARGE OF THE COURT.— Note suggestions to trial judges of the danger of invading the powers of the jury by transcending in their charges the language of the Code respecting the relations of the jury to the evidence adduced.

APPEAL from the District Court of Webb. Tried below before the Hon. J. C. RUSSELL.

No brief for the appellant.

*Thos. Ball*, Assistant Attorney General, for the State.

HURT, J. The appellant was convicted of the theft of cattle, and his punishment fixed at two years' confinement in the penitentiary. From this judgment he appeals to this court.

By the record we learn that four of the jurors who tried the case, when tested as to their qualifications, swore that they were qualified voters in the county and State, under the laws and Constitution of the State, when, in fact, they were citizens of Mexico. This fact was ascertained after the trial and conviction, and was urged by appellant for a new trial, in his motion for the same.

In the bill of exceptions to the action of the court overruling the motion for a new trial, it is conceded that the jurors were, at the time, citizens of Mexico, and not legal voters in the county of Webb. It is also conceded that appellant learned this first, after the trial. The question for our decision is, "did the court err in overruling appellant's motion for a new trial?" We think so. These jurors were not qualified to serve in any case, and as they swore to their qualifications, the appellant was not required to believe them guilty of perjury, and extend the investigation further. These circumstances might well relieve this case from the stringency of the rule enunciated in *Roseborough* v. *The State*, 43 Texas, 570; *O'Meally* v. *The State*, 1 Texas Ct. App. 180, and *Lester* v. *The State*, 2 Texas Ct. App. 423, where it was held that the defendant could not avail himself of the objection unless he further showed that the matter was one which he could not have obviated by a further inquiry and proper diligence. Learning of their disqualification after the trial, he, upon that ground, moved the court to grant him a new trial. This we think should have been done. *Hanks* v. *The State*, 21 Texas, 526; 41 Texas, 573.

The court below charged the jury as follows:

"The jury are the exclusive judges of the facts of the case, of the credibility of the witnesses, and the weight to be given to their testimony. If there are conflicts in the evidence, you will reconcile them if you can, and if you cannot reconcile them, then it will be your duty to give credit to the witnesses that you may believe most entitled to credit and belief."

Art. 728, Code Crim. Proc., provides that the jury, in all cases, are the exclusive judges of the facts *proved*, and of the weight to be given to the testimony. It is proper to give this in charge, but very dangerous to go beyond this. We suggest that if the court below would simply use the language of, or that of similar import to, the stat-

ute, the object would be attained, with perfect safety from the danger of impugning the power of the jury. As the judgment must be reversed upon the ground that the jurors above alluded to were not qualified, we will not pass upon that portion of the charge referred to, further than the observations already made.

The judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*