## A. J. SEWELL vs. THE STATE.

COURT OF APPEALS, TYLER TERM, 1883.

*Constitutional Law—Terms of the County Court.*—The amendment to article 5 of the constitution regulating the terms of the county court, did not take effect immediately upon receiving a majority of the votes cast at the authorized election, and could not be operative until after the lapse of forty days from the election, when the returns were legally canvassed. See the opinion on the question.

*Practice—Evidence.*—The agreed statement of facts recites : "It is admitted that the evidence is sufficient to support the finding of the jury as to the identity of the defendant as the party who entered the room of Miss Trotman, and did the acts testified to by her. *Held* to obviate the necessity of other evidence of identity.

*Same - Charge of the Court.*—It was not error to refuse special charges requested when they appeared to be upon the weight of evidence, nor when substantially embraced in the general charge.

*Same.*—An objectionable charge in a misdemeanor case, unless excepted to, and sought to be cured by counter charges, is not reversable error short of being palpably and radically wrong.

*Same—Jury Law.*—See the opinion *in extenso* for circumstances under which a new trial should have been granted the defendant because, despite the counter affidavit of the impugned juror, he was shown to have been prejudiced against the defendant when placed upon the jury.

*Same.*—That a proposed juror is under indictment or other legal accusation of theft or other felony, is made by sub-division 4 of article 636 of the Code of Crim. Proc. an imperative disqualification. But *held*, that under article 639 of said code such ground of challenge, when sought to be availed of by either party, must be sustained by evidence *aliunde* the *voir dire* examination of the proposed juror.

*Quere*, whether, under the circumstances of this case, the question could be raised for the first time on motion for new trial?

Appeal from Navarro County.

*Frost, Berry & Lee* for appellant.

*Assistant Attorney General Burts* for the State.

Opinion by White, J.

It is assigned as error and the same point is made in the brief of counsel for appellant that the county court which tried the case was held without authority of law. Among the amendments to the constitution submitted to a popular vote under joint resolution of the Eighteenth Legislature was one "proposing an amendment to Art. 5 of the state constitution diminishing the number of terms of the county courts," and declaring that "until otherwise provided the terms of the county courts shall be held on the first Mondays in February, May, August, and November, and may remain in session three weeks." Joint Resolution No. 6, Gen'l Laws, 18 Leg. p. 134.

These proposed amendmehts were voted upon and as afterwards appeared upon she count of the vote were adopted by the people at an election held in conformity with a proclamation of the Governor (authorized and required by joint resolution No. 8, Gen'l Laws, p. 136) on the 7th day of August, 1883. No provision having been made as to the mode and manner of the return of the votes at said election, by provision of Att. 1759, Rev. Stats., the rules prescribed in the general election law of the state and made applicable "to all elections, whether for officers or for other purposes."

By this general law it is provided in Art. 1710 that "on the fortieth day after the election, the day of election excluded. and not before the Secretary of the State in the presence of the Governor and Attorney General, or in case of vacancy in either of said offices or of inability or failure of either of said officers to act, then in the presence of either one of them, shall open and count the returns of election." And by Art. XVII of the constitution, declaring the mode of amending the same it is provided that, "if it appears from said return that a majority of the votes cast have been cast in favor of any amendment, the said amendement so receiving a majortty of the votes cast, shall become a part of the constitution, and proclamation shall be made by the Governor thereof."

The case we are now considering was tried in the county court on the 8th day of Aug. 1883, after the amendment had been voted upon, but before the election returns were or could be counted and the result of the election be officially and legally known. Did the fact that a majority vote had been cast in favor of the amendment make it a part of the constitution, and give it operative force from the 7th of August, 1883, the day of the election, or did it take effect and become operative only after the returns were counted on the fortieth day after the election ? It is unnecessary for us in this case, to decide whether under the provisions above quoted from Art. XVII *supra*, after the counting of the vote or returns have established the fact that it has been carried, an amendment *eo instanti* becomes operative, or whether it derives its operative force from the Governor's proclamation declaring the fact of its adoption. We are clearly of opinion however that until after the expiration of forty days from the election, under our general election laws, the amendment, until the election returns are opened and counted by the secretary of State, can in no manner be considered as operative, so as to effect, modify,

change or nullify existing laws. Such bring the case the amendment in question, though a majority vote had been cast for it was not in operative force as part or the law of the state, when the court trying this case was being held under the provisions of the law still in force. Our opinion is that the term of the court was a legal one, and that the objection to its lawful authority is not maintainable.

Proof of defendant's identify as the party who committed the act charged in the indictment, independent of any evidence upon the point is obviated in the agreed statement of facts, where we find that "it is admitted that the evidence is sufficient to support the finding of the jury as to the identity of the defendant as the party who entered the room of Miss Trotman, and did the acts testified to by her." This admission also obviates some of the objections urged to the rulings of the court upon defendant's special instructions.

Of the first special requested instruction outside the question of identity, the first was objectionable as being upon the weight of evidence; the second was substantially given in the general charge and the third was given as asked without modifiication. There was no exception taken to the general charge. The case being a misdemeanor, an objectionable charge not excepted to and sought to be cured by appropriate counter charges, is not reversable error short of its being palpably and radically wrong. But aside from these rules of practice now well settled, we see no tenable objection to the charge. It presented the law concisely and with sufficient clearness upon the issues involved. Without further discussion this disposes of the propositions and argument of appellant's counsel based upon supposed errors in the charge.

It was made one of the grounds of the motion for new trial that A. J. Bell, one of the jurors who sat upon the jury which tried and returned the verdict in this case was biased and prejudiced against the defendant, and that defendant was not informed of the fact until after the jury had retired to consider their findings, the said juror having denied all bias and prejudice when examined on his *voir dire* before taken on the panel. That about two months before the trial said Bell had declared to one Kendall that he was satisfied appellant Sewell was guilty, "and that if he, the said Bell, should be on the jury which should try the defendant, he would inflict upon the defendant the highest penalty allowed by the law." W. D. Kendall and T. M. Skiles make affidavits as to these declarations of the juror Bell.

In Bell's counter affidavit he admits making the declarations, but says that he had up to the time they were made, conversed with none of the witnesses and based his declarations solely upon the hypothesis that defendant was guilty of an assault with intent to commit rape. His affidavit shows that if he did not as is charged against him champion the cause of the state against the defendant in the jury room, he did vote for and try to inflict upon defendant the highest penalty which could be imposed under the law for aggravated assault and battery, viz, $1,000 fine and two years imprisonment in the county jail. To this extent at least his affidavit supports the declaration made by him. We are of the opinion that the facts show the junior was prejudiced, and that a new trial should have been granted on this ground. Hanks vs. State, 21 Tex. 526; Henrie vs. State, 41 Tex. 573.

Another objection urged to the competency of the juror Bell was that at the time said cause was tried and the juror was one of the panel trying the case, there was pending against the said A. J. Bell in the district court of Navarro county an indictment for a felony, to-wit: swindling.

It is by the code made a ground of disqualification of a juror, "that he is under arrest or other legal accusation for theft or any felony." C. C. P. Art. 636; subdivision 4.

But while this a ground of disqualification the statute expressly provides in Art. 638, that in examining a juror (as to his qualification) he shall not be asked a question the answer to which may show that he has been convicted of an offense which disqalifies him, or that he stands charged by indictment or other legal accusation with theft or any felony. Art. 639 provides that, "no juror shall be empaneled where it appears that he is subject either to the third, fourth or fifth clause of challenge in Art. 636, although both barties may consent." In the opposition of the district attorney to this ground of the motion he states that John D. Lee, one of defendant's counsel knew of the pendency of the indictment for swindling against the juror Bell before and at the time the juror was placed upon the panel. If this was so, the attorney's knowledge would, in such case be hardly binding upon defendant, and neither the counsel nor defendant himself if he knew the fact of disqualification could waive it and consent that the juror was or should be held competent to act (Art. 639 *supra*). We are of the opinion that the statute intends that this

ground of challenge when sought to be availed by either party must be sustained by evidence *aliunde* the *voir dire* examination of the proposed juror. Suffice it to say that no evidence was introduced or proposed to be introduced by defendant in support of this ground of the motion for a new trial. Whether the question could be raised for the first time on motion for new trial under the circumstances of this case, it is unnecessary for us to decide. Roseborough vs. State, 43 Tex. 570; O'Meally vs. State, 1 Tex. Ct. App. 180; Lester vs. State, 1 Id. 432; Hanks vs. State, 21 Tex. 526; Henry vs. State 41 Tex. 573; Armendares vs. State, 10 Tex. Ct. App. 44.

Because the court erred in refusing a new trial based upon the prejudice of the juror A. J. Bell, the judgment is reversed and the cause remanded.