WheblbR, J.
It is not stated nor does it appear that, by the use of ordinary diligence, the new evidence might not have been known to the party before the trial. Besides, there is no statement of facts; and we are not .informed what evidence was given on the trial. We have no means of knowing-whether the new evidence be not merely cumulative, or of judging of what might have been its effect upon a second trial.
The witness, who is said to have been intoxicated, was called by the defendant, and permitted to testify; and after having taken the chance of a verdict, upon his testimony, under the circumstances, the defendant cannot make that a ground for a new trial which must have been known to him at the time, and which, if sufficient to authorize the awarding of a new trial, would have been sufficient to have entitled him to a continuance, if applied for when the inability of the witness to testify in a proper manner was discovered.
That the application for a new trial does not conform to the well-settled' rules of the law on that subject, upon either ground embraced in it, is-quite too clear for argument. We are of opinion that a new trial was rightly-refused, and that the judgment be affirmed.
Judgment affirmed.