HempiitlIi. Ch. J.
There is no doubt that the first assignment rests on substantial grounds. The admission of a written statement or agreement as to the fact s 'is certainly erroneous. Tlie jurisdiedon to hear and determine those land claims against tlie government is special, and the prescribed mode of its exercise must be strictly pursued. The statute declares, for instance— and it lias always been held to be obligatory — that die facts substantiating the claim must lie proven by two or more credible witnesses. One witness, however unblemished his character for veracity, is not sufficient. And what is material to the point under consideration is, the statute has declared that the testimony shall he oral, and that only, and t.lms effectually excludes any other character of evidence. Depositions or written statements of the, facts, which should be proven by witnesses, are inadmissible, and the objection to tlie introduction of such evidence should have been sustained.
Tlie next assignment presents a question of more difficulty. .The. language in which the instruction is couched, as embodied in the exception, is scarcely intelligible. The. court is represented as charging lliat if lie was a single man, owning negroes at tlie date of the declaration of independence, and was entitled to tlie quaul nm of land allowed by law, he was entitled to recover. The meaning of this instruction (if it have any) is, that if a single man, owning negroes at tlie date of the declaration of independence, was entitled to a league and labor *80 of land, then the plaintiff was entitled to recover in this suit. This would leave to the jury tho determination of the legal proposition, whether a single man, with negroes under his control, constituted the head of a family or not. This point was for the decision of the court and not of the jury.
But it may he presumed that tlie charge as given is not accurately stated in the exception. At all events, the objection as stated in the assignment of error is only to that portion of the instruction which charged that the plaintiff was entitled to recover.
Tlie ground of this objection is, that' the plaintiff, owning negroes at the time, received from tlie former government one-tliird of a league as a single man; that lie has not subsequently married, nor has there been any other supervening fact which by law entitles him to the augmentation claimed in tlie petition.
If it he admitted that under the former government a single man owning or holding negroes was entitled, as the head of a family, to a league and labor of land,’ and it appearing from the facts of this case that the plaintiff, though thus entitled, secured but one-third of a league, the question then for consideration is whether, under tho land law of 18IS7, a Board of Land Commissioners was authorized to approve this claim for tlie additional two-thirds of a league and labor as a genuine claim against tlie government. It is immaterial what may he tlie justice or equity of the claim. It cannot be sustained unless the board or the court, as its successor, have, authority, express or implied, under the provisions of tlie statute to hear and determine this class of claims.
There is no express provision authorizing or prohibiting a grant of this character. The hoard, under the 11th section, is required to investigate all claims on the government for headlights to lands; and they were authorized to grant to any person or persons a certificate of their claim or claims, setting forth in tlie, certificate tho amount of laud the party is entitled to. The words used in conferring this power, especially when construed with reference to other provisions of the statute and of the constitution, do not imply that'the court is restricted alone to the investigation of the highest amount which can he claimed under a headriglit, viz, a league and labor for a head of a family, and a third of á league for a single mail. The constitution authorized all citizens who might have previously received a league as heads of families, or a quarter of a league as single men, to receive sucli additional quantity as would malee tlieir grants equal to a league and labor or to one-tliird of a league of land. There was no separate provision in the, statute authorizing tlie hoard to examine tho claims to such augmentations. Tliej' wore heard and determined under the general authority to investigate claims for headlights. Tho apparent intention was to give authority to investigate all claims for headlights, or for any portion of such rights to which tlie applicants might deem themselves entitled. There was no power to investigate any oilier claims hut headlights. The action of the boards was restricted within the limits of this class of claims; but over this they had full authority, and it is but a fair deduction that, if they could grant under the. general authority to investigate claims for headlights, cither a league and labor or a labor alone, as the parties might be respectively entitled, they had competent authority to grant a certificate for any intermediate portion of a headlight, if (lie applicant ivas, under tlie law, entitled to the amount claimed. This is an equitable interpretation of the grant of power under the statute. It is not repugnant, either expressly or by legitimate inference, to any of the provisionsof the law, and it is 'commended by every ■consideration of policy ami justice to onr adoption. Had the applicant in this case been a married man, and had he, from ignorance of his rights or the perverseness of ihe authorities under the former government, been shorn of his league and labor, and restricted to one-third of a league, the hardship of the refusal of the board, under tlie new government., (o grant him a certificate for that portion of his league and labor of which, through his ignorance, or by official iniquity or misconstruction, he had been deprived, would be *81 most striking and flagrant. But this would not be sufficient to authorize tlie board or court Io grant relief, unless they were empowered to do so by the law. Wo are of opinion, however, that the board, and the court as its successor, had amliorily to investigate this class of claims, and there was no error in the charge on the point to which the objection is raided, viz, that tile plaintiff', ■on (he facts, wis entitled to recover.
But these fads were not established by competent proof, and for the error of ■admitting written evidence the judgment is reversed and cause remanded.
Reversed and remanded.