### ROBERT AUGUSTINE v. THE STATE.

Where the defendant in a criminal case moved for a new trial on the ground of the misconduct of his counsel, supported by his own affidavit alone, and there was an affidavit of said counsel expressly denying such misconduct as charged, the motion having been overruled, this Court refused to revise the judgment, on the ground that the Judge below was better able to form a correct judgment on such a question thus presented.

The overruling of a motion for a new trial on the ground of newly discovered evidence will not be revised where there is no statement of the facts proved at the trial.

If there were anything in the objection taken to the indictment by the motion in arrest of judgment, (it charged the offence as committed *at* the county of Bexar, and the objection was that it did not charge that the offence was committed *in* said county,) it was rightly overruled by authority of the Act of 1854, (Sec. 69, p. 70, then in force.)

Appeal from Bexar. Tried below before the Hon. Thomas J. Devine.

Indictment of Robert Augustine for assault with intent to kill, on Francisco Perida and Jesus Perida. The indictment commenced, "State of Texas, county of Bexar," &c.; described the grand jurors as elected, &c., to inquire in and for the body of the county of Bexar, State of Texas; and charged that "Robert Augustine, late of the county aforesaid, on the thirtieth of August, A. D. eighteen hundred and fifty-six, at the county aforesaid, in and upon the bodies of Francisco Perida and Jesus Perida feloniously did make an assault," &c.

The jury found the defendant guilty of an assault with intent to kill Francisco Perida, and assessed the punishment at five years' hard labor in the penitentiary.

Defendant filed a motion for a new trial, supported by an affidavit in which he stated that he had been surprised and imposed upon by the mal-practice and mismanagement of his counsel; that said counsel had undertaken the sole and exclusive management of his case; that affiant had much other testimony material to his defence, and could and would have produced it, but that he was advised by his said counsel that he had already enough to acquit him, and that there was no danger of a conviction; that said counsel had accepted as a juror one J. N. McAllister, notwithstanding it appeared from a subpœna, returned served and then on file, that said McAllister had been subpœnaed as a witness for the State, which was unknown to affiant at the time; that affiant only knew said counsel as a lawyer of this Court, and knew nothing further in regard to his integrity as a man or his skill in his profession.

The affidavit then continued in the usual form to state the discovery of new and material testimony, and was accompanied by the affidavits of the witnesses. The testimony went to prove that the Peridas made the assault with deadly weapons; that defendant, after retreating, obtained a pistol, and the Peridas then fled, and defendant fired two shots at one of them as he ran.

There was an affidavit of the counsel referred to on file, in which it was stated that affiant defended said defendant with all his skill and ability; that he caused to be sworn and examined all the witnesses that defendant directed him to call; that defendant urged a trial, and was willing to hazard it upon the testimony of the witnesses called; that affiant had told defendant that if his witnesses could prove what he said they could, affiant thought he would be acquitted; that defendant had never told affiant that he had any other evidence than that produced upon the trial; that when they were called upon to pass upon the jury, affiant told defendant that the jury would convict him, but he expressed himself satisfied with them, and would not permit affiant to object to any of them.

Defendant also moved in arrest of judgment on the 8th of November, 1856, (the verdict was entered on the 17th of October,) on the ground that the indictment did not charge that the offence was committed in the county of Bexar.

The Court overruled the motion for a new trial, and refused to hear the motion in arrest of judgment.

*Attorney-General*, for appellee.   I. The District Judge could best determine how much weight to give to the respective, conflicting statements of the defendant and his counsel.

II. The newly discovered evidence, at most, showed that defendant fired twice at Perida while the latter was retreating; but there is no statement of facts, to show in what manner, if at all, the evidence would have affected the case.

III. It was discretionary with the Court to refuse to entertain a motion in arrest of judgment filed after the time allowed by law for filing such motion.   The preposition "at" has the same signification as "in" in this connection.   It is at least sufficiently definite after verdict. (See Sec. 69, Act of 1854, Pamph. L. 5th Leg. p. 70.)

WHEELER, J.   Whether the charge of misconduct, made by the defendant against his attorney who conducted his defence, was well or ill founded, it was peculiarly the province of the Judge who presided at the trial to decide.   From his knowledge of the parties, and from having witnessed the conduct of the trial, the presiding Judge was in possession of means of forming a correct judgment upon that question, very superior to those which we possess.   He was the sole judge of the credit to which the statements of the parties respectively were entitled; and upon such a question, without possessing the means of judging, it is obvious this Court cannot undertake to revise the judgment of the Court below.

Nor can we revise the judgment upon the other ground of the motion, the newly discovered evidence; for the reason that the facts proved upon the trial are not before us.   Without a statement of the evidence given upon the trial, we cannot judge of the materiality of the new evidence, or what influence it might have upon another trial.   (Madden v. Shapard, 3 Tex. R. 49; Land v. Miller, 7 Id. 463.)

If there were anything in the objection taken to the indictment by the motion in arrest of judgment, it was rightly overruled by authority of the Act of 1854.   (Laws Fifth Legislature, p. 70, Sec. 69.)   There is no error in the judgment, and it is affirmed.

Judgment affirmed.