### WILLIAM PELHAM v. THE STATE.

The 16th section of the IVth article of the constitution of 1845 reads as follows: " In the trial of all causes in equity in the district court, the plaintiff or defendant shall, upon application made in open court, have the right of trial by jury, to be governed by the rules and regulations prescribed in trials at law."   (Paschal's Dig., p. 59, sec. 16, Note 186.)

The 18th section reads as follows: " In all causes arising out of a contract, before any inferior judicial tribunal, when the amount in controversy shall

exceed $10, the plaintiff or defendant shall, upon application to the presiding officer, have the right of trial by jury." (Paschal's Dig., p. 59, sec. 18, Note 188.)

The 12th section of the act of 4th February, 1858, which provides for the trial of claims against the state for certificates in Peters' colony, is not a case "in equity" within the 16th section, nor a case "at law" within the 18th section of the constitution. (Paschal's Dig., Art. 883.)

A contract is a deliberate engagement between the parties, upon a legal consideration to do or to abstain from doing some act. The 13th section of the recited act contemplates that the trial be before the judge, and it is not unconstitutional.

Where a statement of facts is not certified by the judge, it will not be considered by the court. (Paschal's Dig., Art. 1490, Note 582.)

APPEAL from Collin. The case was tried before Hon. NAT. M. BURFORD, one of the district judges.

The following is a part of the history of the mode of establishing the claims of citizens for lands under the various laws of Texas:

The legislature provided for the colonists of Peters' colony to prove their rights before a commissioner appointed for the purpose, but as frauds were practiced, as under previous laws, it became necessary to establish a board for the confirmation of such certificates as had been legally proved, and a rejection of those found to be spurious. The 12th section of the act, upon which the case turned, reads as follows:

"That any person owning any such land certificate hereinafter mentioned, which may be rejected by said board, may, at the first term of the district court after such rejection, or at the second term, showing good cause why it was not done at the first term, file his petition under oath in the district court of any county in said colony, setting forth the grounds on which he founds his claim, and also stating that he believes himself entitled to the amount of land mentioned in such certificate, by virtue of his being a colonist of Peters' colony, under the contract and laws relative to said colony, or that he is the assignee of the certificate granted to some person who was so entitled, of which peti-

tion there need not be any service, but the same shall be filed in the office of the district clerk, at least five days before the commencement of the term of the court at which it may be tried, and the general issue shall be considered as plead to the same by the state; and upon proof of his right by the plaintiff, by the oral testimony of at least two respectable witnesses, to be produced in open court at the trial of such case, the plaintiff shall be entitled to a judgment validating the certificate on which the suit is brought; the proof required to authorize such judgment being such as is prescribed by the 10th section of the act of 10th February, 1852, entitled 'an act relating to lands in Peters' colony.' And all such rejected certificates, on which suits are not commenced within the time prescribed by this section, shall be forever barred: *Provided,* That every person who may have purchased certificates which may be declared invalid by the commissioners appointed by this act shall have six months from and after the passage of this act to cover locations upon such certificates by good and valid certificates: *Provided,* Such person shall be then residing upon said land." (Paschal's Dig., Art. 883.)

The question was whether or not the court should try the issues made, or whether the party was entitled to a jury. The court, upon hearing the evidence, rejected the claim, and the applicant appealed. The parties signed a statement of facts, which was not approved by the judge. Nevertheless the court considered that they would have been insufficient to establish the claim. As the court did not pass upon them, it is deemed unnecessary to give the facts.

*W. L. & C. L. Robards,* for the plaintiff, relied upon the 16th section of the IVth article of the constitution of 1845, and argued the facts of the case.

*George Flournoy, Attorney General,* for the State.

LINDSAY, J.—This action was brought by the appellant in the district court of Collin county, by authority of the 12th section of the act of the 4th of February, 1858, entitled "An act to ascertain what land certificates have been illegally issued by the county courts of counties in Peters' colony, and to provide for issuing patents on such of said certificates as are legal.". A certificate was granted to the appellant for six hundred and forty acres of land in said colony by the county court of Collin, on the 13th day of January, 1857. On the 28th of July, 1858, the board of commissioners, appointed by the governor under the provisions of the 1st section of said act, rejected said certificate, upon the ground that there was not sufficient evidence of the validity of the certificate. At the first term of the district court after said rejection the appellant filed his petition therein against the state, under oath, setting forth the grounds on which he founded his claim, and alleged that he believed himself entitled to the amount of land mentioned in his certificate by virtue of his being a colonist of Peters' colony, and sought to establish that claim by proof. The general issue being formed by operation of law, on the calling of the cause for trial the appellant demanded a jury, which was refused by the court; and the issues of fact made by the petition and the statutory traverse were tried by the court. This was assigned as error by the counsel for the appellant. It may be gravely questioned whether such a case as this comes within the purview of either of the sections 16 and 18 of article IV of the constitution, securing parties the right of trial by jury. Section 16 says: "In the trial of all causes in equity in the district court the plaintiff or defendant shall, upon application made in open court, have the right of trial by jury, to be governed by the rules and regulations prescribed in trials at law." This is not an equity case, but a case of mere naked law, and cannot be affected by this section of the constitution. The 18th section of the same article

says: "In all causes arising out of a contract before any
inferior judicial tribunal, when the amount in controversy
shall exceed $10, the plaintiff or defendant shall, upon ap-
plication to the presiding officer, have the right of trial by
jury." Whether this provision of the constitution embraces
within its meaning the right of trial by jury in such a case
as this, depends altogether upon the legal signification of
the word contract; for, at the time of the adoption of the
constitution of 1845, it must be conceded that the word
contract had a fixed, definite, legal meaning, which was well
understood by those who were then engaged in the forma-
tion of the organic law of the land. It could contemplate
nothing more than the mutual promises and obligations
made and created between man and man, or between the
individuals of a community. Whether this case, then,
comes within the purview of this section of the constitu-
tion, depends upon what has always been and is still meant
by "a contract."

Judge Story defines a contract to be "a deliberate en-
gagement between competent parties, upon a legal consid-
eration, to do, or to abstain from doing, some act." He says
also, "in its widest sense, it includes records and special-
ties; but the term is usually employed to designate only
simple or parol contracts." In this definition, all accredited
elementary writers upon contracts concur. It is therefore
used in this sense in the constitution, and it was intended,
in that instrument, to guarantee this right to all men who
might choose to invoke it in the adjustment of their con-
troversies with each other. It never could be intended
that it might be claimed as a right whenever a *lis mota*
should spring up between a citizen and the government;
and especially in a matter in which the government had,
in its bounty and beneficence, bestowed a gratuity upon the
citizen, and in its grant had prescribed the manner in which
that gratuity might be verified and authenticated, in order
to its enjoyment by the beneficiary.

The appellant in this case can be entitled to no other mode of establishing his right than the precise mode pointed out in the special act. In the 13th section of the act, in which the method of approval of the certificate is prescribed, when it is adjudged valid, and no appeal is taken, it is clearly intimated that the judge is the trior of the question of the validity or invalidity of the certificate. It speaks of him as "the judge trying the same." We think, therefore, it was never contemplated that this question should be tried by a jury under this act, but that it was a question exclusively for the determination of the judge.

There is an agreed statement of the facts introduced on the trial below, signed by the attorneys for the appellant, and by the district attorney. It is not certified by the judge. Legally, that evidence is not in the record. In 9 Texas, 156, this court decided that written agreements of the facts by the parties or their attorneys are not admissible where the state is a party. But if the evidence was all here, as it is presented in this agreed statement, we see no valid ground in that or the other errors assigned to reverse the judgment of the district court in rejecting the certificate and dismissing the petition. The case is dismissed from this court, and the judgment of the court below is therefore

AFFIRMED.