## JOHN KEEF v. THE STATE.

1. STATEMENT OF FACTS.—A statement of facts agreed to and signed by the attorneys of both the parties, and presented to the judge during the term, but not indorsed approved, but after the adjournment certified by the judge to be genuine, will not be considered on appeal.

2. PRACTICE.—The practice of oral examination of witnesses whose affidavits have been presented in support of motions for new trial, criticized and disapproved.

3. PRACTICE ON APPEAL.—In the absence of a statement of facts, the sufficiency of a motion for new trial will not be determined, nor will the charge of the court be revised, if such charge in any case could be correct.

4. THEFT—INTENT.—A charge to the jury requiring that "the proof should show that the defendant did take the animal, (alleged to have been stolen,) thereby depriving the owner of its value," sufficiently instructs the jury that the taking must have been "with intent to deprive the owner of its value."

APPEAL from Victoria.   Tried below before the Hon. T. C. Barden.

*Lackay & Stayton*, for appellant.

*George Clark, Attorney General*, for the State.

GOULD, ASSOCIATE JUSTICE.—The statement of facts in this case is not approved by the presiding judge, and cannot be regarded as properly a part of the record. After the signatures of counsel to what purports to be the statement of facts, (which appears to have been filed December 2, 1875,) follows this certificate, signed officially by the district judge:

"*Jan'y* 23, 1876.

"The above 'statement of facts' was handed to me in open court after the trial of John Keef, and was not at the time signed by me, owing to my distinctly understanding the attorney for defendant, Mr. Furguson, to say that he did not wish it signed by me. I certify, however, that the above signatures of district attorney and defendant's counsel are genuine, and that they had signed the statement when presented to me."

This certificate does not appear to be designed as an approval of the statement of facts, but rather as an explanation of why it was not approved. To hold that such a certificate given after the close of the term sufficiently authenticates the statement of facts, would, in our opinion, be substantially to dispense with the requirements of the statute.

It is to be regreted that this conclusion places it out of our power to revise this case on the facts in evidence, especially as an inspection of the purported statement of facts induces the opinion that the conviction was probably had on insufficient evidence, and that the application for new trial, supported as it was by the affidavits of these parties, should not have been overruled.

The record contains what appears to be a copy of a paper drawn up and signed by the presiding judge and filed on the day that the motion for new trial was acted on, reciting that after argument of the motion, he directed one of the parties whose affidavit in support of the motion was filed to be brought into court, and, with the express consent of coun-

sel for defendant, examined him under oath touching the matters stated in his affidavit. After setting forth the substance of this examination the judge concludes that the affidavit of the witness relates to a different transaction than that for which defendant had been tried, and gives this as his reason for overruling the motion for new trial. We do not regard this paper as properly in the record. It does not purport to have been submitted to counsel nor to be a bill of exceptions. Whilst it would be competent for the court to have inserted in the minutes whatever might be proper to constitute a fair record of what actually transpired in court necessary and proper to explain its action, we regard the filing of such a paper as this as irregular and unauthorized. The proceeding itself of examining witnesses orally on hearing a motion for new trial does not commend itself as a desirable practice, even when consented to. But as the record properly contains no evidence of this procedure it need not be further adverted to.

Discarding this paper, we find ourselves unable, because of the absence of a statement of facts, to revise the action of the court on the motion for new trial. (Augustine *v.* The State, 20 Tex., 451; Land *v.* Miller, 7 Tex., 463.)

For the same reason the charge of the court will not be revised, unless it be manifestly erroneous under any state of the evidence. (Koontz *v.* The State, 41 Tex., 570.) It is contended that the following charge given was of that class : "If from the evidence you are satisfied beyond a reasonable doubt that the defendant fraudulently took the animal in question from its accustomed range, without the consent of the owner, with the intent to appropriate it to his own use, or that he did appropriate it, thereby depriving the owner of its value, find him guilty and assess the proper punishment. If not so satisfied, acquit."

The omission to follow the language of the statute in regard to the "intent to deprive the owner of the value" seems fully supplied by requiring that the proof should

show that defendant did take the animal, thereby depriving the owner of its value. Moreover the court had before defined theft in the language of the statute. We do not regard the charge as conveying any other than a correct description of theft.

Because we find in the record no such error as justifies the reversal of the case the judgment must be affirmed, and it is so ordered.

AFFIRMED.