# COURT OF APPEALS OF TEXAS.

## AUSTIN TERM, 1877.

### A. B. BROOKS v. THE STATE.[1]

1. PRACTICE.—The refusal of a continuance by the court below will not be revised by this court unless a bill of exceptions was duly taken.

2. SAME.—A document purporting to be a statement of facts, and signed as such by the attorneys for the state and the accused, but not approved and signed by the judge, constitutes no part of the record, and in this court the case stands as though there had been no effort to make a statement of facts; and, consequently, the refusal of a new trial cannot be revised, and the only inquiry for this court is upon the sufficiency of the indictment.

APPEAL from the District Court of Navarro. Tried below before the Hon. F. P. WOOD.

The indictment was for the theft of two oxen. The jury found a verdict of guilty, and assessed the punishment at five years in the penitentiary.

No brief for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

WHITE, J. In the case of *William Nelson* v. *The State*, decided by this court at the Austin term, 1876, it was said in regard to continuances that "the former decisions of our courts, from the earliest days down to the present,

---

[1] This case was decided at Galveston, but did not come to the hands of the reporters until too late for its insertion in the first volume of these reports, to which it properly pertains.

make the saving of a bill of exceptions a prerequisite and *sine qua non* to revisory action by the appellate court. Nor is the failure to do so remedied (as in this case) by incorporating the action of the lower court in the judgment rendered." (See that case for a number of authorities collected and cited in support of the proposition.) No bill of exceptions was saved to the action of the court in overruling defendant's application for a continuance in this case, and, consequently, it will not be considered.

What purports to be a statement of the facts in this case, though signed by the district attorney and the counsel for defendant, is not approved and certified by the court. The rule in regard to the statement of facts in criminal cases, as found in Paschal's Digest, Article 3138, reads as follows : " If a new trial be refused, a statement of facts may be drawn up and certified, and placed in the record, as in civil suits. Where the defendant has failed to move for a new trial, he is nevertheless entitled, if he appeals, to have a statement of the facts certified and sent up with the record."

The rule governing the preparation and authentication of the statement of facts in civil cases reads thus : "After the trial of any cause, when the party has given notice of appeal, or intends to give such notice, it shall be the duty of the parties, respectively, to make out a clear and explicit statement or bill of the facts given in evidence on the trial of the cause, and to submit the same to the opposite party or his attorney, for inspection during the term ; and, if the parties or their attorneys agree as to the facts given in evidence, they shall sign and seal the same, and submit it to the judge for approval and signature, who shall sign it, and the statement so made shall be filed as a part of the record of the cause," etc. Pasc. Dig., Art. 1490.

In *Pelham* v. *The State*, 30 Texas, 423, the court say : "There is an agreed statement of the facts introduced on the trial below, signed by the attorneys for the appellant

and the district attorney. It is not certified by the judge. Legally, that evidence is not in the record." Citing *Sullivan* v. *The State*, 9 Texas, 156.

In *Henrie* v. *The State* it is said: "There is no statement of facts in the record, and without it we are not able to review the action of the court in respect to the matters complained of. There is in the record what purports to be a partial statement of the evidence introduced by the state, but it is neither signed by any one nor certified as containing the facts in evidence, and cannot, therefore, be regarded as forming any part of the record of the case." 41 Texas, 573. And the same rule is laid down in *Keef* v. *The State*, 44 Texas, 582, where the court say: "Discarding this paper, we find ourselves unable, because of the absence of a statement of facts, to revise the action of the court on the motion for new trial." Citing *Augustine* v. *The State*, 20 Texas, 451, and *Land* v. *Miller*, 7 Texas, 463.

As was well expressed by the learned justice in *Koontz* v. *The State*, 41 Texas, 571, "without a statement of the facts in evidence before the court and jury, it cannot be ascertained whether the grounds of the motion for a new trial were well taken or not, or whether the charge to the jury was erroneous or not; and, there being no statement of facts, the objections made by the defendant will not be examined further than to see that the indictment will sustain the charge and the finding of the jury."

This case must be considered, then, as if there had been no effort to make out a statement of the facts, and, when we apply the other rules laid down in the cases above cited, we find the indictment to be a good one for theft of oxen; we must presume that the charge of the court presented the law applicable to the facts, and we must further presume that the verdict and judgment were fully warranted by the evidence.

The judgment of the lower court is affirmed.

*Affirmed.*