## J. TREVINIO v. THE STATE.

1. CONTINUANCE.—Without a statement of the evidence which was adduced at the trial below, this court cannot judge of the materiality of the testimony of absent witnesses, assigned as ground for a continuance.

2. STATEMENT OF FACTS.—An agreement purporting to set forth the evidence at the trial, and signed by the counsel for the state and for the accused, but not signed by the judge, is not a statement of facts.

3. SAME.—The evidence in a different case cannot, by a reference thereto and agreement of counsel, be made part of a statement of facts.

4. TRANSCRIPT.—The only seals requisite to a transcript are one to the con- cluding certificate, and another over the tie. A separate certificate and seal to each entry is unnecessary and improper.

APPEAL from the District Court of Live Oak. Tried below before the Hon. D. D. CLAIBORNE.

The indictment charged the appellant with the theft of a horse belonging to one Martin. He applied for a continu- ance, alleging the absence of two witnesses by whom he expected to prove that he bought the horse from one Mar- tinez, and that one Santos had authority to sell the horse ; that he had procured attachments for the witnesses and placed them in the hands of the sheriff, but they had not been returned. The motion for a continuance was over- ruled, and accused reserved exceptions and assigned the ruling as error.

Instead of a statement of facts, there is a paper copied into the transcript, purporting to be an agreement signed by the attorneys for the state and for the accused, to the effect that " the same facts were elicited by the same witnesses in this case " as in another case of the state against the accused, with some specified variations. This paper was not signed by the judge.

No brief for the appellant.

*George McCormick,* Assistant Attorney General, for the State.

WINKLER, J. The appellant was tried and convicted of the theft of a " certain brown gelding," and his punishment assessed at five years' confinement in the state penitentiary. The trial seems to have been had on a sufficient indictment, and, for aught that appears from the record in such a manner as that we can inquire into it, appears to have been fairly conducted and the appellant properly convicted.

There is no proper statement of facts. There is in the record a paper purporting to be a statement of facts, but this paper is not certified and signed by the judge, which is indispensable to the validity of the paper, and without which it cannot be considered as a statement of facts for any purpose whatever. *Brooks* v. *The State, ante,* p. 1, and authorities there cited.

In *Augustine* v. *The State,* 20 Texas 450, Wheeler, J., delivering the opinion of the court, and treating of newly-discovered evidence, says: "Without a statement of the evidence given upon the trial we cannot judge of the materiality of the new evidence, or what influence it might have upon another trial." Citing *Madden* v. *Shapard,* 3 Texas, 49; and *Land* v. *Miller,* 7 Texas, 463. For the like reason we are unable to see what influence the testimony of the absent witnesses would have upon another trial.

We have not been favored with written brief or oral argument on the part of the appellant.

There is an attempt to make the evidence in some other case a part of the statement of facts in this one—which would not be admissible if the statement of facts had been certified by the judge.

We think proper to notice a peculiarity in the manner of making up the transcript, which is that each paper or entry is separately certified to by the clerk, under his hand and official seal. This an unnecessary incumbrance of the record, and an unnecessary cost upon the party. The only seals required are one to the concluding certificate, and another over the tie which fastens the leaves of the transcript together.

The judgment of the district court is affirmed.

*Affirmed.*