## POLLY MITCHELL *v.* THE STATE.

1. CHARGE OF THE COURT.—The general rule that without a statement of facts the charge to the jury will not be revised is subject to exception when, in the abstract and under any state of evidence, the charge in a felony case was manifestly erroneous, and may have prejudiced the rights of the accused; and such error may, as in this case, consist in omissions and implication, as well as in affirmative misdirection of the jury.

2. SAME.—Without a statement of facts this court cannot hold erroneous the refusal of a requested instruction which may or may not have been applicable to the case as made by the evidence.   The presumption is that there was no evidence requiring the instruction.

3. VERDICT.—Trying a charge punishable with the penitentiary for "not less than one year nor more than two years," the finding of the jury was, "We, the jurors, find the defendant guilty, and assess the punishment twelve months in the state penitentiary."   *Held,* a good verdict.

APPEAL from the District Court of Nacogdoches.   Tried below before the Hon. A. J. BOOTY.

The case is sufficiently stated in the opinion.

*G. F. Ingraham,* for the appellant.

*George McCormick,* Assistant Attorney General, for the State.

ECTOR, P. J.   The defendant, Polly Mitchell, was indicted with Delila Engledow, in the district court of Nacogdoches county, charged with the theft of a hog.

At the October term, 1876, of that court the case was tried, and the jury found appellant guilty and acquitted

Delila Engledow.   On motion the court granted defendant, Polly Mitchell, a new trial.  At the February term, 1877, of said court appellant was again tried and the jury returned the following verdict:  " We the jurors find the defendant guilty, and assess the punishment twelve months in the state penitentiary."   Defendant filed a motion for a new trial, which being overruled, she prosecuted an appeal to this court, and has assigned the following errors :

" 1st.  The court erred in its charge to the jury.

" 2d.  The court erred in refusing charge asked by defendant's counsel.

" 3d.  The court erred in overruling defendant's motion in arrest of judgment."

There is no statement of facts in this record.   When this is the case the charge of the court will not be revised, unless it be manifestly erroneous under any state of the evidence.  *Keef* v. *The State*, 44 Texas, 584 ; *Talley* v. *The State*, 1 Texas Ct. of App. 688 ; *Trevinio* v. *The State*, 1 Texas Ct. of App. 72.

It would occupy too much space in this opinion to give the charge of the court entire.   We will, therefore, only refer to such portions of it as we deem necessary in responding to the 1st and 2d assignment of errors.

The 2d subdivision of the charge is as follows :  " The questions for you to determine are, 1st, did the defendant take the hog mentioned in the indictment ; 2d, did she take it fraudulently—that is, did she take it with the intent to deprive the owner of the value of said hog, and to appropriate it to the use or benefit of the said Polly ; and unless your minds are satisfied from the evidence, beyond a reasonable doubt, of the truth of each of these facts, you will find the defendant not guilty."

Now, by this charge the jury were indirectly told that, if they believed from the evidence, beyond a reasonable doubt, that the defendant took the hog with the intent to deprive

the owner of the value of the same, then they could convict the defendant. The omission to follow substantially the language of the statute in defining theft, in the above instruction, is manifestly erroneous, and might, we think, have prejudiced the rights of defendant.

Before the jury could legally convict the defendant they must be satisfied from the evidence, 1st, that she fraudulently took the hog described in the indictment from the possession of the owner; 2d, that the hog, at the time it was taken, was the property of A. H. Crain; 3d, that defendant took said hog without the consent of the owner; 4th, that she took it with the intent to deprive the owner of the value of the same, and to appropriate it to her own use or benefit. And the jury must be satisfied beyond a reasonable doubt, from the evidence, of each one of these propositions, before they are authorized to find the defendant guilty.

In the 5th subdivision of the charge the court instructed the jury that: "You are further instructed that it is incumbent upon the state to prove the act and the intent necessary to make out the offense of theft, and if she has failed in either you will find the defendant not guilty." The jury are not specifically told in any part of the charge what intent, or fact, is necessary to make out the offense of "theft."

We cannot say that the court erred in refusing to give the special instructions asked by the counsel for the defendant. The first part of the charge which was asked had already been substantially given by the court in its general charge, and, from the failure of the counsel for the defendant to send up a statement of facts, we are authorized to presume that there was no evidence before the jury which required the court to give the latter part of it.

We think the verdict of the jury was sufficiently certain and definite to support the judgment. We understand

what is intended by the words "twelve months," as used
in the verdict. "One year" is not more certain. The
supreme court of Virginia have held that a verdict which
fixes the time of the prisoner's confinement at "twelve
months," when the law fixed the *minimum* punishment at
one year, was sufficient. *Vandewall* v. *The Com.*, 2 Va.
Cas. 275.

The indictment in this case is sufficient. The motion in
arrest of the judgment was properly overruled. The judg-
ment of the district court is reversed and the cause
remanded.

*Reversed and remanded.*