## Wallace Carter v. The State.

1. Practice in this Court. — The law requires that a statement of facts must be made out and certified by the judge of the court, during the term in which the trial was had. If made out and certified otherwise, it becomes no part of the record, and this court can consider the appeal only to ascertain whether or not the conviction has been had upon a proper indictment, and one which will support the charge and finding of the jury.

2. Same — Statement of Facts. — It is the duty of the parties in the first instance to make out the statement of facts; but if they disagree, it becomes the duty of the judge trying the case to make out the statement from those of the parties, and his own knowledge. The judge is not required to make out the statement in the first instance, and of his own motion.

3. Charge of the Court. — Exceptions to the charge of the court cannot be properly considered in the absence of a statement of facts.

4. Indictment. — See charging clause of indictment appended, held sufficient to charge murder.

Appeal from the District Court of Houston. Tried below before the Hon. R. S. Walker.

The indictment was for the murder of C. G. Wooten, in Houston County, on December 30, 1866. The verdict was for murder in the second degree, and the penalty assessed was seven years in the penitentiary.

The record discloses that the term of the court at which the trial was had commenced on November 7, 1878, and adjourned on December 7, 1878. The attorneys for the parties failing to agree upon a statement of facts, a paper purporting to be a statement, made out by the judge, is certified by him on January 10, 1879, and filed January 13, 1879, — more than a month after the adjournment of Court. As the indictment is the only other feature of the case considered by the court, the charging part is here appended:

"That Wallace Carter, farmer, of sound memory and discretion, late of the county of Houston and State of Texas aforesaid, on the (30th) thirtieth day of December, in the year of our Lord one thousand eight hundred and sixty-six, in the county of Houston aforesaid, with force and

arms, in and upon the body of one Calvin G. Wooten, an assault did make, and a certain double-barrelled shot-gun, the same being a deadly weapon, which he, the said Wallace Carter, in his hands then and there had and held, which said gun as aforesaid was charged with gunpowder and leaden bullets, he, the said Wallace Carter, did then and there discharge and shoot off to, at, and against him, the said Calvin G. Wooten, a man in being, within the State of Texas aforesaid, feloniously, wilfully, and of his, the said Wallace Carter's, express malice aforethought, inflict four mortal wounds in and upon the breast of him, the said Calvin G. Wooten, of which said mortal wounds he, the said Calvin G. Wooten, then and there died; and so the grand jurors aforesaid, upon their oaths aforesaid, do say that the said Wallace Carter the said Calvin G. Wooten, in manner and form aforesaid, feloniously, wilfully, and of his express malice aforethought, did kill and murder the said Calvin G. Wooten, contrary to the statutes in such cases made and provided, and against the peace and dignity of the State."

No brief for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WINKLER, J. This is an appeal from the judgment of the District Court, by which the appellant was convicted of the murder, in the second degree, of one Calvin G. Wooten, alleged to have been committed on December 30, 1866.

The following errors are assigned: "1. The court erred in refusing the motion for a new trial. 2. The verdict is contrary to the facts as adduced on the trial. 3. The verdict is contrary to the law and facts. 4. The court erred in the charge to the jury, in this: that he charged the jury might find the defendant guilty of murder in the second degree, when the facts authorized no such charge. 5. It is

apparent from the verdict that the jury had doubts in regard to the defendant's guilt, and he was not allowed the benefit of such doubt." The several grounds set out in the motion for a new trial relate to and are based upon the supposed insufficiency of the evidence, under the law and the charge of the court, to warrant the jury in convicting of murder in the second degree.

It will be readily perceived that whether the errors assigned are well founded, or otherwise, depends upon the evidence adduced on the trial, which could only be ascertained from a proper statement of facts, prepared at the trial below and embodied in the record.

On looking into the transcript of the record, we find what purports to be a statement of facts, to which is appended the following: " I, Richard S. Walker, district judge, Third Judicial District, presiding judge on the trial of the above-entitled case, in the county of Houston, at the November term, 1878, thereof, do hereby certify that the county attorney, Earle Adams, Esq., in behalf of the State, and W. A. Stewart, Esq., attorney for the defendant, failing to agree on a statement of facts in said case, and they having submitted to me their respective statements, I, from said statements so furnished me, and from my own knowledge, have made out the foregoing statement of facts, and do hereby certify that the same is, in substance, a correct and exact statement of the facts of the case as given in evidence on said trial."

This certificate is signed by the judge, and dated January 10, 1879, and appears to have been filed by the clerk of the District Court, January 13, 1879. The counsel representing the State calls our attention to the fact that the paper purporting to be a statement of facts was not prepared during the term of the court at which the case was tried. The record shows that the court convened November 7, 1878,

and adjourned December 7, 1878, between which two dates the trial was had; and that, as we have already seen, the paper which is claimed to be, and doubtless was intended as, a statement of facts was not signed and certified by the judge until January 10, 1879, nor filed until January 13, 1879, and after the expiration of the term of the court, and after the final adjournment for the term had taken place, agreeably to the record.

The law requires that a statement of facts must be prepared during the term (*Brooks* v. *The State*, 2 Texas Ct. App. 1), and be prepared in a criminal prosecution in the same manner as in civil suits (Code Cr. Proc., art. 673),—that is, as prescribed in article 1420 of the Digest.

The statement of facts constitutes no part of the record, except for revision on appeal. *Slaughter* v. *The State*, 24 Texas, 410. It must be prepared during the term. After its expiration, the court has no control over the subject. *Ferrell* v. *The State*, 2 Texas Ct. App. 399. And if prepared in any other manner than that prescribed by law, it cannot be considered for any purpose whatever. *Henrie* v. *The State*, 41 Texas, 573; *Brooks* v. *The State*, 2 Texas Ct. App. 1, and authorities there cited. Without a statement of facts, the action of the court below in refusing a new trial on the evidence will not be revised. *Keef* v. *The State*, 44 Texas, 582; *Koontz* v. *The State*, 41 Texas, 571. The judge is not required to prepare a statement of facts in the first instance; this duty is imposed upon the counsel. *Longley* v. *The State*, 3 Texas Ct. App. 611. Yet when the statement is properly prepared and certified to by the judge, and in due time, the existence of the facts invoking the action of the judge will be presumed, in the absence of anything being shown to the contrary.

There being no statement of facts such as we can consider, this court can only consider whether the conviction

was had upon a proper indictment, and whether it will support the charge and the finding of the jury. *Longley* v. *The State*, 3 Texas Ct. App. 611, and authorities cited.

Looking, then, to the indictment and to the charge of the court, we find that the indictment, when tested by the provisions of the Code and the rulings of both the Supreme Court and of this court, is a sufficient indictment for murder. The charge of the court seems to have been prepared with ability and care, and with a proper appreciation of the rights of the accused and of the magnitude of the single issue involved, — the guilt or innocence of the accused, of the crime charged against him, under his plea of not guilty. The exceptions taken to the charge cannot be properly considered in the absence of a statement of facts ; yet it seems to have properly presented the law as to every legitimate defence which could have been interposed. The transcript discloses no exception to the indictment or to the general charge of the court, and none is perceived.

So far as we are able to determine from the record before us, and which we have examined with great care, in the absence of any appearance of counsel for the appellant, either in person or by brief, we conclude that the appellant has been fairly tried and properly convicted ; and, there not appearing any material error so presented that we can consider it, the judgment of the District Court is affirmed.

*Affirmed.*