## G. W. Davis v. D. G. Ransom.

(Case No. 3274.)

1. New trial — Counter affidavits.— In passing on a motion for new trial based upon matter outside of the record, and supported by the affidavit of the party making the motion, it is competent for the court to receive counter affidavits.
2. Same — Verbal agreements of parties.— Where the ground of such motion is an asserted violation of a verbal agreement not to try the case in the absence of the adversary, an agreement which under the rules of court should have been in writing, counter affidavits may be received, setting forth the purport of that agreement, as understood by the opposing party.

Error from Ellis. Tried below before the Hon. H. Barksdale.

Ransom sued Davis on a sworn account for $510.68, December 25, 1874; Davis answered by general denial, not under oath, January 7, 1875.

On January 14, 1875, the cause was tried and resulted in a verdict and judgment against Davis for $512.14; the judgment reciting that "This day came the parties by their attorneys and announced ready for trial."

Next day Davis filed his motion for a new trial, based upon the ground that, a few days before the trial, he and Ransom made an agreement to refer the matters between them to a referee, and settle according to his report; that in this way he was prevented from setting up his real defense, and that Ransom violated this agreement by pressing the case to trial without notice and in his absence. On the 19th of January, 1875, he filed his own affidavit in support of

the motion, in which he set up more particularly the purported agree-
ment.   He also attaches an account against Ransom of several items,
among them one for a bill of lumber, $120.01, another for interest on
$2,000 gold loaned, $180, and claimed that this account shows the
true state of the account between them.

Ransom filed his counter affidavit January 22, 1875, denying the
agreement as set up by Davis, stating that Davis did come to him and
propose to refer the matter to a referee, and he agreed to do so pro-
vided it was done before the case was called for trial; that he told
Davis that he would not allow the case to be continued or lose its
place on the trial docket, and that Davis told him that he could put
off the case that term, and that he intended to do it.

The court heard and overruled the motion, and Davis brought the
case up on writ of error.   He relied upon two assigned errors: 1st.
The court erred in considering Ransom's counter affidavit.   2d. The
court erred in overruling the motion for new trial.

*A. A. Kemble*, for plaintiff in error.— The new trial should have
been granted, unless it was proper for the court to consider the
counter affidavit of the plaintiff, D. G. Ransom.   That counter affi-
davits cannot be heard on a motion for new trial, it would seem
ought to be regarded as settled at this late day, when there appears
never to have been a counter affidavit offered in any application for
new trial that has been brought up to this court for revision.   See
art. 1470, Pasch. Dig., and note 566.   A somewhat careful exami-
nation of the numerous cases there noted has failed to disclose a
single case where a counter affidavit was even offered, so far as the
opinions show; and the same is the case as to later decisions.   In-
deed, to admit counter affidavits would be an anomaly in our prac-
tice, for that would imply the trial of an issue of fact without the
intervention of a jury; and if the one party may introduce a coun-
ter affidavit, the other must be allowed to rebut with still other
affidavits.   In this case the plaintiff does not pretend to deny the
defense set up in the defendant's affidavit; nor that there was a
proposition pending to settle by submission to a referee; nor that
he knew that defendant was to be absent; but contents himself with
a denial of agreeing not to take the case up during his absence.   It
will be noticed that the only testimony on the trial was plaintiff's
affidavit to the account.   The defendant has had no opportunity to
cross-examine him, either on the trial or on the motion for new
trial.   Analogous to the motion for new trial is the motion to con-
tinue and the motion for change of venue, and in *these* counter

affidavits are not allowed, unless, perhaps, on a third or fourth application for continuance, where the continuance is matter of discretion; or on application for change of venue, certain facts may be contested, as, for instance, the credibility of the affiants.

*Ferris & Rainey*, for defendant in error.

WATTS, J. COM. APP.— As to whether counter affidavits can be sustained by the court below, in passing upon a motion for new trial, based upon matters outside of the record, supported by the affidavit of the party making the motion, is the question presented by this appeal.

In passing upon motions for new trial the court exercises a discretion, and that discretion is more enlarged when the motion is based upon matters *dehors* the record, and which are supported by the affidavit of the interested party alone.

Appellant urges with zeal the proposition that the court cannot inquire into the truth of the matter set up in such affidavit. That whenever such matter, standing alone, is sufficient to entitle the party to the new trial, then the court has no discretion, but must, as a matter of right, grant the new trial. We cannot assent to that proposition. Such matters must, in the very nature of the case, rest to a large extent in the discretion of the court; and in the exercise of that discretion, it is not perceived why the truth of the matter set forth in the affidavit supporting the motion might not be inquired into by the court.

A practice of presenting counter affidavits generally upon motions for new trials could not be recognized; but where the matters relied on in support of the motion arise out of matters not within the record, such as in this case, an asserted violation of a parol agreement not to try the case in the absence of the other, there is no substantial reason for holding that the court could not inquire into the truth of the matter, and inform itself fully respecting the entire agreement, in reference to all its bearings upon the question of the right of the party to a new trial. It appears to us that such inquiry might be by affidavit and counter affidavits as well as in any other manner. The court could not go into the merits of, and in this way retry the case. That was not done here. The real question was as to whether there was a sufficient reason existing to excuse the appellant for not making his asserted defense when the case was called for trial. It was upon that point that the counter affi-

davit was presented. True, the affidavit of appellee did not contest the defense, if such it can be called, asserted by appellant, and it was not necessary for him to have done so, for he had already made oath to the correctness of the account, and a repetition of that oath would have given it no additional force. The counter affidavit admitted by the court simply set forth the appellee's version and understanding of the verbal agreement which his antagonist was seeking to make the basis for a new trial. Verbal agreements with reference to pending cases are no favorites of the courts, and ordinarily will not be enforced. In fact, the rules of court require that such agreements shall be reduced to writing, signed by the parties, and filed with the papers of the cause. Shall the appellant be permitted to take advantage of his own failure to comply with the rules in this respect, and then force upon the consideration of the court his version of such agreement, without explanation from the other party? It is thought not.

If the appellant had complied with rules of court in that particular, had reduced the agreement to writing and had the same signed by the parties, then he might well insist that the writing imported the agreement, and explanatory affidavits would not be admitted; but having neglected to protect his rights in this regard, he will not be heard to complain, when the court refuses to take his version of the parol agreement as conclusively true, upon a question whether he had or not been negligent in other respects; and especially is this true when the counter affidavit gives such a reasonable explanation of the asserted agreement, and besides, states that the appellant had boasted that he could and would procure a continuance of the cause for the term.

It has been the practice in this state, for a long time, in criminal cases, upon motions for new trials, involving the question of negligence or no negligence by the party making the motion, for the courts to receive and consider counter affidavits upon that question. Dignowitty v. The State, 17 Tex., 531; Augustine v. The State, 20 Tex.; 450. No inconvenience has resulted from that practice, and it appears to us that substantial justice requires the application of the same rule of practice to a limited extent in civil cases as well.

We conclude that the court did not err in considering the counter affidavit of appellee in this case.

The question of granting new trials, especially for matters not arising out of or shown by the record, must, in the very nature of the case, rest to a considerable extent in the discretion of the court

passing upon the question; and we see no such abuse of that discretion in this case as would authorize or require us to revise and control it.

The judgment of the court below ought to be affirmed.

AFFIRMED.

[Opinion delivered June 16, 1882.]