### BOB DAVIS V. THE STATE.

#### No. 10122.    Delivered June 23, 1926.

**1.—Possessing Intoxicating Liquor—Statement of Facts—Time of Filing.**

Under Sec. 5, Art. 760, 1925 Revision of our C. C. P., a statement of facts must be filed in the trial court not later than ninety days after the notice of appeal is given, and this time cannot be extended by the trial court.    The statement of facts in this case was filed more than ninety days after notice of appeal and cannot be considered, and finding no error in the record, the judgment is affirmed.

#### ON REHEARING.

**2.—Same—Charge of Court—Fundamental Error—Rule Stated.**

While as a general rule, exceptions to the charge of the court will not authorize a reversal, unless the facts developed upon the trial are before the appellate court, to this rule their is the following exception:  "But this court will revise the charge of the court in a felony case, when such charge is not warranted by the indictment, and when under any state of evidence,

it would be manifestly erroneous, and may have prejudiced the rights of the accused." Following Mitchel v. State, 2 Tex. Crim. App. 404, and numerous cases cited in this opinion.

### 3.—Same—Charge of Court—Defining Offense—Fatally Erroneous.

Where, on a trial for the possession of intoxicating liquor for the purpose of sale, the court not only failed to charge the jury that the possession must have been for the purpose of sale, but refused a requested charge to the same effect, thereby authorizing the jury to convict appellant for the mere possession of the intoxicating liquor, the cause must be reversed, notwithstanding there is no statement of facts in the record.

Appeal from the District Court of Hunt County. Tried below before the Hon. J. M. Melson, Judge.

Appeal from a conviction for the possession of intoxicating liquor, for the purpose of sale, penalty two years in the penitentiary,

The opinion states the case.

*Ramey & Davidson* of Sulphur Springs, for appellant. On fundamental error in court's charge, appellant cites:

Walder v. State, 272 S. W. 139.

Caldwell v. State, 273 S. W. 608.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is the unlawful possession of intoxicating liquor, and the punishment is two years in the penitentiary.

The notice of appeal was given on the 31st day of October, 1925, and the statement of facts was not filed until February 22, 1926, or more than ninety days after the date of the notice of appeal. Under the plain terms of the statutes we are precluded from considering a statement of facts filed more than ninety days after the notice of appeal is given. Sec. 5, Art. 760, 1925 Revision C. C. P.

There are no bills of exceptions preserved in the record, and, in the absence of a statement of facts, no error is shown.

Finding no error in the record, the judgment is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—The conviction was for the unlawful possession of intoxicating liquor for the purpose of sale. In submitting the matter to the jury, the court defined the offense thus:

"Our statutes provide that it shall be unlawful for any person in this state to possess intoxicating liquor. Whiskey is intoxicating liquor."

In no other part of the charge is the offense defined, and the court declined to amend his charge in response to objection and exception properly presented challenging the sufficiency and accuracy of the definition of the offense. In a special charge, the court was requested to inform the jury that there could be no conviction unless they believed from the evidence, beyond a reasonable doubt, that the appellant possessed the intoxicating liquor *for the purpose of sale*. This was refused and the ruling is properly brought forward for review.

It is not an offense to possess intoxicating liquor unless it be possessed *for the purpose of sale*. This is the express language of the statute, Art. 666, P. C. 1925. In numerous cases the announcement has been made that in prosecutions for the present offense it is essential that the evidence show, and the jury be instructed, that the liquor in question was possessed for the purpose of sale. See Petit v. State, 90 Tex. Crim. Rep. 336, and numerous other cases collated in Vernon's Tex. Crim. Stat., 1925, Vol. 1, p. 435, note 7.

It is a general rule that an error in the charge brought up by a bill of exceptions will not authorize a reversal unless the facts developed upon the trial are before the appellate court. To such rule there is the following exception:

"But this court will revise the charge of the court in a felony case when such charge is not warranted by the indictment, and when, under any state of evidence, it would be manifestly erroneous, and may have prejudiced the right of the accused. (Mitchell v. The State, 2 Tex. Ct. App. 404.)"

The application of this exception to the general rule resulted in a reversal of the judgment of the case of Brown v. State, 16 Tex. Crim. App. 198. The operation of the rule in a proper case has often been recognized. See Wilson v. State, 52 Tex. Crim. Rep. 173; Bryant v. State, 35 Tex. Crim. Rep. 394; Shrewder v. State, 62 Tex. Crim. Rep. 403.

The charge in the present case not conforming either to the indictment or to the statute and authorizing a conviction of the

appellant upon proof of facts which do not constitute an offense, the error complained of is one of which this court is compelled to take notice, notwithstanding the statement of facts was not filed within the time prescribed by law, but was filed within the time allowed by order of the court.

For the error pointed out, the rehearing is granted, the judgment of affirmance is set aside, the judgment of the trial court is reversed, and the cause is remanded.

*Reversed and remanded.*